FILED-USDC-NDTX-DA
'26 AUG 27 PM12:22

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**MADISON ROSE LUCEY,**

Plaintiff,

v.

AMAZON.COM, INC.; AMAZON DEVELOPMENT CENTER
U.S., INC.; AMAZON.COM SERVICES LLC; AMAZON WEB
SERVICES, INC.; THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA; and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,

Defendants.

**Civil Action No.** 3-26CV2884-S

**JURY TRIAL DEMANDED**

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, EXPEDITED HEARING, AND ALTERNATIVE INTERIM EQUITABLE RELIEF**

Plaintiff Madison Rose Lucey moves under Federal Rule of Civil Procedure 65 for narrowly tailored preliminary relief concerning the Amazon employment relationship. Plaintiff does not seek an order requiring immediate active-duty work. She states that she remains physically disabled and asks that any active return occur only after written medical clearance from her treating provider, Dr. Angelo DiMaggio.

The motion instead seeks a binding, medically conditional reinstatement process; preservation of the position, employment, accommodation, technology, compensation, and return-to-work evidence; an identified decisionmaker and interactive-process contact upon medical release; an expedited hearing; and, in the alternative, interim economic relief only to the extent the Court concludes such relief is legally available. The likelihood-of-success showing rests in material part on two alleged failures in implementing the October 2, 2023 medically restricted return: the known Wednesday treatment/recovery schedule and the employer-controlled equipment and secure access necessary to make the prescribed remote-work arrangement usable. Plaintiff's present urgency includes an uncured

delinquency on the mobile home in which she resides and inability to fund rehabilitation treatment consistently; the accompanying brief applies the controlling limits on irreparable injury.

**REQUESTED PRELIMINARY RELIEF**

1. Order the Amazon Employer Defendants to provide Plaintiff a written conditional offer of reinstatement to the same or a substantially equivalent Software Development Engineer position, without requiring Plaintiff to begin active work before Dr. DiMaggio provides written medical clearance for return.
2. Direct that, upon medical release, Amazon promptly engage in the ADA interactive process concerning any restrictions and effective accommodations, including the known Wednesday treatment/recovery schedule or other medically supported schedule modification, remote-work requirements, and functioning Amazon-authorized technology, security keys, credentials, permissions, software, and network access necessary to perform secure SDE work. Nothing requested requires a preferred device if another effective accommodation is provided.
3. Pending the Court's merits determination, require Amazon to preserve records concerning Plaintiff's March 25, 2024 separation, April 5, 2024 reinstatement appeal, September-October 2023 return-to-work and accommodation process, on-call scheduling, workstation/security-key/credential access, compensation, bonus/equity components, benefits, and the persons who recommended, reviewed, authorized, implemented, or ratified the termination and nonreinstatement decisions.
4. Prohibit Amazon, for purposes of any court-ordered conditional reinstatement process, from treating the disputed 'voluntary resignation due to job abandonment' designation as an independently established fact barring restoration, while leaving the truth, legality, and remedial consequences of that designation for adjudication.
5. Award interim back pay or economic reinstatement from March 25, 2024 through August 26, 2026 only to the extent the Court finds such relief legally available. Amazon payroll and employment records support approximately $312,780.82 in gross base pay over that period and approximately $10,529.28 in remaining scheduled sign-on compensation; Plaintiff separately identifies approximately $185,494.32 as an estimate of post-termination initial-grant equity because the definitive grant and vesting records remain Amazon-controlled. The resulting $508,804.42 total, rounded to $508,804 for court-

facing use, is an estimated gross but-for compensation benchmark—not a liquidated debt or request for automatic preliminary payment of the full amount. Any recoverable amount remains subject to proof, medical work capacity, mitigation, offsets, vesting, compensable periods, and the prohibition against duplicate recovery. Alternatively, award such lesser interim amount or period as the Court finds lawful and equitable.

6. Set an expedited evidentiary hearing and permit limited expedited discovery concerning the termination decision path, Plaintiff's April 5 appeal, the October 2023 accommodation implementation, on-call scheduling, workstation/security-key/credential access, compensation and benefit status, the feasibility of medically conditional reinstatement, and the narrow facts necessary to evaluate any requested interim relief tied to treatment access. If Amazon affirmatively invokes workers' compensation as an alternative-remedy or causation defense, permit focused discovery sufficient to identify the asserted coverage, reporting, claim handling, and any actual overlapping wage replacement without adjudicating a state workers' compensation claim in this action.
7. Waive Rule 65(c) security or set nominal security because Plaintiff presently has no earned income; alternatively, set only the security the Court determines is proper for the particular relief granted.
8. Provide that any interim or final economic award remains subject to lawful offsets, accounting, and the prohibition against duplicate recovery for the same economic loss.
9. Limit this preliminary-injunction request to the Amazon Employer Defendants and the employment/restoration issues identified above. Plaintiff does not seek preliminary relief on the separate Guardian/Berkshire insurance counts through this motion.
10. To the extent FMLA restoration is considered as part of the merits showing, preserve the Complaint's limitations framework: Plaintiff alleges that Amazon designated July 10 through October 1, 2023 as FMLA-eligible leave; later approved leave is not treated as FMLA-protected merely because it was approved; events outside the applicable limitations period are background or notice only; and the October 2023 restoration and March 2024 termination branches are independently recoverable under a three-year period only if willfulness is adequately pleaded and proved.

## LOCAL RULE 7.1 CERTIFICATE OF CONFERENCE

This action is being filed contemporaneously with this motion. No Defendant has appeared and service has not yet been completed. A conference with counsel for each affected Defendant is therefore not presently possible within the meaning of N.D. Tex. L.R. 7.1(a). Plaintiff does not represent that the motion is unopposed; under L.R. 7.1(b)(3), the motion should be presumed opposed. Plaintiff will confer when counsel appears or service permits a meaningful conference and will supplement if the Court directs.

## REQUEST FOR HEARING

Plaintiff requests an expedited hearing after Defendants have notice and a fair opportunity to respond. Plaintiff does not request ex parte reinstatement or an ex parte monetary award.

Dated: August 27, 2026

Respectfully submitted,

Madison Rose Lucey M.S.

**Madison Rose Lucey, M.S., Plaintiff Pro Se**
244 Sunrise Drive, Milford, PA 18337
Phone/Text: 570-832-3998 | Email: MadisonChaitLucey@proton.me
Facsimile: N/A | Bar No.: N/A (Pro Se)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**MADISON ROSE LUCEY,**

Plaintiff,

v.

AMAZON.COM, INC.; AMAZON DEVELOPMENT CENTER U.S., INC.; AMAZON.COM SERVICES LLC; AMAZON WEB SERVICES, INC.; THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA; and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,

Defendants.

**Civil Action No.** 3-26CV2884-S

**JURY TRIAL DEMANDED**

## [PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED RELIEF

Before the Court is Plaintiff's Motion for Preliminary Injunction, Expedited Hearing, and Alternative Interim Equitable Relief. After considering the motion, brief, appendix, any response and reply, the record, and applicable law, the Court ORDERS as follows:

1. The motion is GRANTED to the extent stated in this Order and otherwise RESERVED or DENIED without prejudice as specified below.
2. Within ten business days after service of this Order, the Amazon Employer Defendants shall provide Plaintiff a written conditional offer of reinstatement to the same or a substantially equivalent Software Development Engineer position. Plaintiff shall not be required to begin active work unless and until Dr. Angelo DiMaggio provides written medical clearance for return. This direction applies only to the Amazon Defendant or Defendants legally capable of providing the specified employment relief; corporate affiliation alone does not create an employer obligation under this Order.
3. After written medical clearance, Amazon shall promptly engage in the interactive process concerning documented restrictions and effective accommodations, including medically supported treatment/recovery scheduling, remote-work requirements, and functioning Amazon-authorized technology,

security keys, credentials, permissions, software, and network access necessary for secure work. Nothing here predetermines essential functions, requires a preferred device if another effective accommodation exists, or resolves undue hardship.

4. Until further order, Amazon shall preserve records concerning the March 25, 2024 separation, April 5 appeal, September-October 2023 accommodation and return-to-work process, on-call scheduling, workstation/security-key/credential access, compensation, bonus/equity, benefits, and the recommendation, review, implementation, authorization, or ratification of termination and nonreinstatement.
5. For purposes of the conditional reinstatement process only, Amazon shall not treat the disputed 'voluntary resignation due to job abandonment' designation as an independently established bar to restoration. The truth, legality, and remedial consequences of that designation remain reserved for adjudication.
6. Plaintiff's request for interim back pay or economic reinstatement is [GRANTED / DENIED WITHOUT PREJUDICE / RESERVED]. If granted, the Court awards $_________________, subject to accounting, lawful offsets, and no duplicate recovery. Plaintiff's estimated gross but-for benchmark through August 26, 2026 is $508,804: $312,780.82 base pay, $10,529.28 remaining scheduled sign-on compensation, and $185,494.32 estimated initial-grant equity. The Court adopts no amount except as expressly stated here.
7. An expedited evidentiary hearing is SET for __________________________________. Narrow expedited discovery may address the termination path, April 5 appeal, October 2023 schedule/accommodation implementation, compensation and work capacity, return-to-work technology and secure access, conditional reinstatement, relevant benefit status, and competent medical evidence concerning interrupted rehabilitation. If Amazon raises workers' compensation, focused discovery may identify asserted coverage, reporting, claim handling, and overlapping wage replacement without adjudicating a state compensation claim.
8. Rule 65(c) security is set at $_________________ [or WAIVED].
9. Nothing here requires work before medical clearance, decides final liability or damages, treats an IT ticket status as conclusive proof of functional secure access, treats Plaintiff's lay concern as a medical prognosis, determines medical causation, or permits duplicate recovery.
10. Nothing in this Order determines whether any FMLA claim is timely or willful. Any such issue remains governed by 29 U.S.C. § 2617(c) and is reserved for adjudication on the developed record.

11. This Order grants no preliminary relief against The Guardian Life Insurance Company of America or Berkshire Life Insurance Company of America and adjudicates no insurance-count merits.

**SO ORDERED.**

Dated: ___________________________

_________________________________________

UNITED STATES DISTRICT JUDGE