**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

MADISON ROSE LUCEY, Plaintiff,
v.
AMAZON.COM, INC., et al., Defendants.
Civil Action No. 3:26-cv-02884-S-BN

# PLAINTIFF'S MOTION TO RECONSIDER DOC. 24 AND GRANT IMMEDIATE INTERIM RELIEF

Plaintiff Madison Rose Lucey moves to reconsider Doc. 24 and obtain two immediate remedies: a $250,000 partial payment toward recoverable employment compensation and a written reinstatement offer issued now. Additional findings are alternative relief, not a substitute for these primary requests.

## Grounds

Under Rule 54(b), and alternatively Rules 52(b) and 59(e) to the extent applicable, Plaintiff requests correction of the treatment of her sworn housing and rehabilitation evidence, the intervening notice record, and the staged relief sought in Doc. 6. The supporting brief identifies the controlling law and record. The existing appendix remains unchanged.

The record describes an attempted medically authorized return, employer-controlled technology and scheduling barriers, a disputed job-abandonment designation, uncured delinquency on Plaintiff's residence, and financial obstruction of rehabilitation. [Doc. 8, ¶¶ 3, 6–13, PageIDs 161–162; App. 6–7.]

September submissions supplemented that showing and addressed the recommendation's earlier notice premise. [Docs. 17–19; App. 15–22.]

**Relief Requested**

Plaintiff requests that the Court reconsider and modify Doc. 24 and, after Rule 65 notice:

1. Direct Amazon.com Services LLC to pay $250,000 gross now as partial interim back pay or economic reinstatement, subject to required withholdings and later accounting. This payment is a beginning, not a settlement, accord and satisfaction, release, or waiver. All remaining compensation, damages, claims, and remedies remain preserved, with credit against overlapping recovery.

2. Direct Amazon.com Services LLC, with the other Amazon employer defendants' cooperation, to provide a written offer now restoring the same or substantially equivalent Software Development Engineer position. The disputed "job abandonment" designation shall not be treated as an established bar to the offer or return. The offer must precede medical clearance. Only active work awaits written clearance from Plaintiff's own treating provider, Dr. Angelo DiMaggio. His clearance for full-time work shall satisfy that condition; Plaintiff requests an express prohibition on an additional Amazon-selected physician's approval, physical examination, or fitness-for-duty examination as a condition of offer or

return. Require the ADA interactive process and medically supported remote work, treatment and recovery scheduling, and effective authorized technical access.

3. Direct preservation of relevant employment, accommodation, leave, communications, separation, and IT/access records, and authorize limited expedited discovery of those records if needed for interim relief. If further proof is needed, set an expedited noticed hearing on the requested remedies or any lesser supported interim payment. Alternatively, amend or supplement the material findings under Rule 52(a)(2) and, where applicable, Rule 52(b), addressing the housing, rehabilitation, notice, and distinct relief issues. Waive Rule 65(c) security or set nominal security. Relief is sought only against the Amazon employer defendants; all underlying claims remain preserved.

Respectfully submitted, October 29, 2026
/s/ Madison Rose Lucey
Madison Rose Lucey, M.S., Plaintiff Pro Se
244 Sunrise Drive, Milford, PA 18337 • (570) 832-3998
MadisonChaitLucey@proton.me

**Certificate of Conference**

Plaintiff requested concurrence by email on October 2, 2026, concerning reconsideration and additional findings regarding Doc. 24. On October 6, Lauren A. West, copying Ayah Housini, responded that the Amazon Defendants opposed the contemplated motion.

**Certificate of Service**

I certify that this motion, brief, and proposed order are being filed through CM/ECF on October 29, 2026, notifying registered participants. I will serve any others as Rule 5 requires; I do not represent separate service as complete.

/s/ Madison Rose Lucey