**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MADISON ROSE LUCEY,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**AMAZON.COM, INC., AMAZON DEVELOPMENT CENTER U.S. INC., AMAZON.COM SERVICES LLC, AMAZON WEB SERVICES INC., THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, AND BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA**<br><br>***Defendants.*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CAUSE NO. 3:26-cv-02884-S-BN** |

**DEFENDANTS AMAZON DEVELOPMENT CENTER U.S. INC. AND AMAZON.COM SERVICES LLC'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Defendants Amazon Development Center U.S., Inc. ("Amazon Development") and Amazon.com Services LLC ("Amazon Services," and together with Amazon Development, the "Defendants")[1] file their Answer and Affirmative and Other Defenses to Plaintiff Madison Rose Lucey's ("Plaintiff") *Original Complaint and Jury Demand* (the "Complaint," ECF No. 3),[2] and

---

[1] With respect to the four Amazon entities named in the Complaint, Defendant Amazon Development Center U.S., Inc. was Plaintiff's sole employer at the time of her termination and is therefore the only properly named Amazon-affiliated Defendant. Amazon.com, Inc. and Amazon Web Services, Inc. did not employ Plaintiff at any time and, therefore, are not proper defendants in this action. Amazon.com Services LLC did not employ Plaintiff at the time of her termination or at any time relevant to any timely claim(s) pled in her Complaint.

[2] Defendants Amazon Services and Amazon Development (collectively, the "Answering Defendants") are affiliated entities that employed Plaintiff during different periods. Amazon Services employed Plaintiff from approximately August 8, 2022 to January 1, 2023, and Amazon Development employed Plaintiff thereafter through the termination of her employment. The Answering Defendants submit this Answer jointly and, where appropriate, identify the particular entity involved in the events alleged. References to the Answering Defendants collectively should not be construed as admissions that both entities participated

make the following responses to the respective designated and numbered allegations in Plaintiff's Complaint, subject to the affirmative and other defenses that follow:

## ANSWER

## I. NATURE OF THE ACTION[3]

1. Defendants admit only that Plaintiff was previously employed by Amazon Services from August 8, 2022 to December 31, 2022 and Amazon Development from January 1, 2023 to March 25, 2024 as a software engineer and that Plaintiff purports to assert claims concerning alleged employment discrimination, retaliation, disability and leave-related issues, and the termination of her employment. Defendants further admit only that Plaintiff purports to assert two claims against The Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America. Defendants deny each and every remaining allegation set forth in Paragraph 1.

2. The allegations in Paragraph 2 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that Plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act, 42 U.S.C. § 1981, and state contract and reliance law. Defendants deny that Plaintiff's claims have any merit in fact or in law and further deny that Plaintiff is entitled to any relief under such claims. Defendants deny each and every remaining allegation set forth in Paragraph 2.

in each alleged act or decision, or as admissions concerning the capacity in which any individual acted or the legal responsibility of either entity for the conduct alleged.

[3] For organizational purposes only, Defendants include herein the headings and subheadings in Plaintiff's Complaint. To the extent such headings and subheadings can be construed to contain factual allegations to which a response is necessary, Defendants deny each and every allegation contained in the headings and subheadings within the Complaint and reflected herein.

3. Defendants deny each and every allegation set forth in Paragraph 3.

4. Defendants deny each and every allegation set forth in Paragraph 4.

5. Insofar as the allegations set forth in Paragraph 5 relate to Defendants, Defendants deny each and every allegation set forth in Paragraph 5. With respect to any remaining allegations in Paragraph 5 exclusively concerning parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny each and every such allegation set forth in Paragraph 5.

6. Defendants deny each and every allegation set forth in Paragraph 6.

## PRIORITY ZERO - THRESHOLD JUDICIAL DETERMINATION OF ARBITRATION FORMATION AND DELEGATION[4]

6A. Defendants deny each and every allegation set forth in Paragraph 6A.

6B. The allegations in Paragraph 6B contain legal conclusions to which no response is required. To the extent a response is required to any factual allegations in Paragraph 6B, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purported written rejection of the alleged July 11, 2023 package or assumptions regarding the same and therefore deny such allegations. Defendants deny each and every remaining allegation set forth in Paragraph 6B, including insofar as Plaintiff asserts the existence or purported existence of an arbitration agreement governing the claims asserted in her Complaint.

6C. The allegations in Paragraph 6C contain legal conclusions to which no response is required. To the extent a response is required to any factual allegations in Paragraph 6C, Defendants deny each and every allegation set forth in Paragraph 6C, including insofar as Plaintiff

[4] To the extent the heading or subheading immediately following Paragraph 6 contains factual allegations or legal conclusions to which a response is required, Defendants deny each and every such allegation.

asserts the existence or purported existence of an arbitration agreement governing the claims asserted in her Complaint.

6D. The allegations in Paragraph 6D contain legal conclusions to which no response is required. To the extent a response is required to any factual allegations in Paragraph 6D, Defendants deny each and every allegation set forth in Paragraph 6D, including insofar as Plaintiff asserts the existence or purported existence of an arbitration agreement governing the claims asserted in her Complaint.

6E. The allegations in Paragraph 6E contain legal conclusions to which no response is required. To the extent a response is required to any factual allegations in Paragraph 6E, Defendants deny each and every allegation set forth in Paragraph 6E, including insofar as Plaintiff asserts the existence or purported existence of an arbitration agreement governing the claims asserted in her Complaint.

6F. The allegations in Paragraph 6F contain legal conclusions to which no response is required. To the extent a response is required to any factual allegations in Paragraph 6F, Defendants deny each and every allegation set forth in Paragraph 6F, including insofar as Plaintiff asserts the existence or purported existence of an arbitration agreement governing the claims asserted in her Complaint and any allegations of retaliation relating to the presentment of any such arbitration agreement to Plaintiff.

7. Defendants admit only that Amazon Development received a letter purportedly from Dr. DiMaggio dated September 29, 2023 reflecting that Plaintiff was released to return to work on a full-time basis effective October 2, 2023 and requesting that Plaintiff be permitted to work from home and have Wednesdays off for rehabilitation-treatment. Defendants further admit only an email from Disability & Leave Services ("DLS") dated October 6, 2023 included the

following statements: (i) "Limitations: Work from Home due to Provider recommendations;" (ii) "Recommended to Work from Home to prevent episodic flares which can cause set backs;" (iii) "[a]lso in need of a flex schedule or Wednesdays off for treatment. Potentially a 4x10 schedule;" and (iv) "Proposed Start Date: Next Scheduled Shift." Defendants deny the allegations pertaining to this October 6 record insofar as they misstate the substance of this communication. Defendants deny each and every remaining allegation set forth in Paragraph 7.

**RETURN-TO-WORK ACCOMMODATION IMPLEMENTATION - KNOWN RESTRICTIONS, SCHEDULE, AND SECURE EQUIPMENT[5]**

7A. The allegations in Paragraph 7A contain legal conclusions to which no response is required. To the extent a response is required to any factual allegations in Paragraph 7A, Defendants deny each and every allegation set forth in Paragraph 7A.

7B. The allegations in Paragraph 7B contain legal conclusions to which no response is required. To the extent a response is required to any factual allegations in Paragraph 7B, Defendants deny each and every allegation set forth in Paragraph 7B.

7C. Defendants admit only a letter purportedly from Dr. DiMaggio dated September 29, 2023 letter reflected that Plaintiff could return to work full time effective October 2, 2023, subject to certain restrictions, including working from home and flexible scheduling on Wednesdays for medical treatment and recovery. Defendants further admit only that the record reflects Plaintiff's request for Wednesdays off for treatment and a request for a modified schedule as a potential accommodation. Defendants deny each and every remaining allegation set forth in Paragraph 7C, and any allegations set forth in all headings, subheadings, and/or unnumbered paragraphs following Paragraph 7C (preceding Paragraph 7D).

[5] To the extent the heading or subheading immediately following Paragraph 7 contains factual allegations or legal conclusions to which a response is required, Defendants deny each and every such allegation.

7D. Defendants deny each and every allegation set forth in Paragraph 7D.

7E. Defendants deny each and every allegation set forth in Paragraph 7E.

7F. Defendants deny each and every allegation set forth in Paragraph 7F.

8. Defendants admit only that Amazon Development sent a March 25, 2024 letter to Plaintiff which reflected that her separation from employment was a "voluntary resignation due to job abandonment." Defendants deny each and every remaining allegation set forth in Paragraph 8.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 pertaining to Plaintiff's knowledge and/or communications, records or information available to her and therefore deny each and every such allegation set forth in Paragraph 9. Defendants incorporate their respective responses to each of the allegations in the paragraphs below insofar as they are incorporated into Paragraph 9.

10. Defendants admit only that Plaintiff demands a jury trial on all issues and that she purports to seek $70,000,000 in monetary relief. Defendants deny each and every remaining allegation set forth in Paragraph 10. Defendants specifically deny that Plaintiff has set forth any claim for which relief can be granted. Defendants further specifically deny that Plaintiff is entitled to any and all relief, including the relief sought in Paragraph 10.

## II. PARTIES

11. Defendants admit only that Plaintiff is an individual and former software development engineer employed by Amazon Services from August 8, 2022 to December 31, 2022 and Amazon Development from January 1, 2023 to March 25, 2024. Defendants further admit that Plaintiff participated in Amazon Services' internship program and subsequently worked as an SDE I in Texas for a portion of her employment with Amazon Development. Defendants deny each and every remaining allegation set forth in Paragraph 11.

12. Defendants deny each and every allegation set forth in Paragraph 12. Defendants

specifically deny that Amazon.com, Inc. employed Plaintiff.

13. Defendants admit only that Amazon Development was identified in March 25, 2024 communication sent to Plaintiff pertaining to her separation of employment from Amazon Development. Defendants further admit only that Amazon Development employed Plaintiff from January 1, 2023 to the time of her termination. Defendants deny each and every remaining allegation set forth in Paragraph 13.

14. Defendants admit only that Amazon.com Services LLC is identified in certain employment and payroll records relating to Plaintiff. With respect to the remaining allegations in Paragraph 14, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations because Plaintiff has not identified the specific human-resources, benefits, or plan materials or employment-related functions to which such allegations refer, and therefore deny each and every remaining allegation set forth in Paragraph 14.

15. Defendants admit only that Amazon Web Services, Inc. was identified in Amazon's December 13, 2023 EEOC position statement. Defendants deny each and every remaining allegation set forth in Paragraph 15. Defendants specifically deny that Amazon Web Services, Inc. employed Plaintiff.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore deny each and every allegation set forth in Paragraph 16.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore deny each and every allegation set forth in Paragraph 17.

## III. JURISDICTION AND VENUE

18. The allegations in Paragraph 18 contain legal conclusions to which no response is

required. To the extent a response is required, Defendants admit that Plaintiff purports to assert claims arising under Title VII, the ADA, the FMLA, and 42 U.S.C. § 1981. Defendants deny each and every remaining allegation set forth in Paragraph 18. Defendants specifically deny that Plaintiff is entitled to any relief under such claims.

19. The allegations in Paragraph 19 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that this Court has jurisdiction under 28 U.S.C. § 1343 over Plaintiff's purported claim(s) falling within the scope of that statute. Defendants deny each and every remaining allegation set forth in Paragraph 19. Defendants specifically deny that Plaintiff is entitled to any relief under such claims.

20. The allegations in Paragraph 20 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every remaining allegation set forth in Paragraph 20. Defendants specifically deny that Plaintiff is entitled to any relief under or in relation to such Act.

21. The allegations in Paragraph 21 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that venue is proper in the Northern District of Texas with respect to Plaintiff's employment-related claims against Defendants. Defendants deny each and every remaining allegation set forth in Paragraph 21. Defendants specifically deny that Plaintiff is entitled to any relief under such claims.

22. Defendants admit only that Plaintiff identified "Amazon" as the responding party in her EEOC charges and listed a Dallas, Texas address for the responding party. Defendants further admit that Plaintiff's EEOC charges concern allegations relating to her purported employment with "Amazon." Defendants deny each and every remaining allegation set forth in Paragraph 22.

23. Defendants admit only that Plaintiff pleads the responsibility of the identified Amazon entities alternatively and to the extent each entity allegedly employed Plaintiff. Defendants further admit only that Plaintiff was previously employed by Amazon.com Services LLC from August 8, 2022 to December 31, 2022, and by Amazon Development Center U.S., Inc. from January 1, 2023 to March 25, 2024. Defendants deny each and every remaining allegation set forth in Paragraph 23. Defendants specifically deny that Amazon.com, Inc. or Amazon Web Services, Inc. ever employed Plaintiff, and further deny that Amazon.com Services LLC employed Plaintiff at the time of her termination.

24. Defendants admit only that no individual employee is named as a Defendant. Defendants deny each and every remaining allegation set forth in Paragraph 24.

24A. Defendants admit only that the individuals identified in Paragraph 24A are not named as individual Defendants in this action and that Plaintiff does not seek personal judgments against them. Defendants deny each and every remaining allegation set forth in Paragraph 24A.

24B. Defendants deny each and every allegation set forth in Paragraph 24B.

25. The allegations in Paragraph 25 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that 28 U.S.C. § 1367(a) permits a federal court to exercise supplemental jurisdiction over certain state-law claims, including claims involving the joinder of additional parties, where the statutory requirements are satisfied. Defendants deny each and every remaining allegation set forth in Paragraph 25.

26. The allegations in Paragraph 26 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 26.

27. The allegations in Paragraph 27 contain legal conclusions to which no response is

required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore deny each and every allegation set forth in Paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore deny each and every allegation set forth in Paragraph 28.

29. Defendants admit only that, in 2023, Plaintiff relocated to North Texas to work from a Dallas-area workplace. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore deny each and every remaining allegation set forth in Paragraph 29.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore deny each and every allegation set forth in Paragraph 30.

31. The allegations in Paragraph 31 contain legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore deny each and every allegation set forth in Paragraph 31.

32. The allegations in Paragraph 32 contain legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore deny each and every allegation set forth in Paragraph 32.

33. The allegations in Paragraph 33 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that venue is proper in the

Northern District of Texas with respect to Plaintiff's employment-related claims against Defendants. Defendants deny each and every remaining allegation set forth in Paragraph 33.

## IV. ADMINISTRATIVE EXHAUSTION AND TIMELINESS

34. Defendants admit only that Plaintiff filed EEOC Charge No. 450-2023-08545 against "Amazon" which reflected the title "Amended Charge of Discrimination" and that it was digitally signed by Plaintiff on October 21, 2023 (hereinafter "October 2023 Charge"). Defendants further admit only that Plaintiff's October 2023 Charge listed "Disability, Race, Religion, Retaliation, Sex" and between September 23, 2022 and October 16, 2023. With respect to the remaining allegations in Paragraph 34 that purport to characterize contents of the October 2023 Charge, a document of which this Court may take judicial notice, Defendants state that the contents of the October 2023 Charge speaks for itself, and therefore deny such allegations to the extent the allegations misconstrue, mischaracterize, or misstate the contents of the October 2023 Charge, including specifically that Plaintiff was an individual with a disability known to Defendants. Defendants otherwise deny each and every remaining allegation set forth in Paragraph 34, including any allegation that Plaintiff had a qualifying disability known to Defendants or that Defendants engaged in unlawful discrimination or retaliation against Plaintiff in a "continuing action" or otherwise during the period identified in the October 2023 Charge.

35. Defendants admit only that Plaintiff filed the October 2023 Charge. With respect to the allegations in Paragraph 35 that purport to characterize contents of the October 2023 Charge, a document of which this Court may take judicial notice, Defendants state that the contents of the October 2023 Charge speaks for itself, and therefore deny such allegations to the extent the allegations misconstrue, mischaracterize, or misstate the contents of the October 2023 Charge. Defendants otherwise deny each and every remaining allegation set forth in Paragraph 35.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 36 and therefore deny each and every allegation set forth in Paragraph 36.

36A. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36A and therefore deny each and every allegation set forth in Paragraph 36A.

36B. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36B and therefore deny each and every allegation set forth in Paragraph 36B.

36C. Defendants admit only that Plaintiff signed a document titled "Second Amended Charge" under penalty of perjury bearing the date July 23, 2024, and which identifies March 25, 2024 as the latest date of alleged discrimination ("July 2024 Charge"). With respect to the allegations in Paragraph 36C that purport to characterize contents of the July 2024 Charge, a document of which this Court may take judicial notice, Defendants state that the contents of the July 2024 Charge speaks for itself, and therefore deny such allegations to the extent the allegations misconstrue, mischaracterize, or misstate the content of the July 2024 Charge. Defendants otherwise deny each and every remaining allegation set forth in Paragraph 36C.

37. Defendants admit only a Position Statement dated December 13, 2023 was submitted in response to EEOC Charge No. 450-2023-08545 (the October 2023 Charge). Defendants further admit only that a Position Statement was submitted in response to EEOC Charge No. 450-2024-09792 (the July 2024 Charge). With respect to the allegations in Paragraph 37 that purport to characterize contents of such Position Statements, Defendants state that the contents thereof speak for themselves, and therefore deny such allegations to the extent the allegations misconstrue, mischaracterize, or misstate the contents of the Position Statements.

Defendants otherwise deny each and every remaining allegation in Paragraph 37.

38. Defendants admit only that the EEOC issued a Determination and Notice of Rights dated May 29, 2026 in connection with Charge No. 450-2023-08545 (the October 2023 Charge). Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and therefore deny each and every remaining allegation set forth in Paragraph 38.

39. The allegations in Paragraph 39 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that Plaintiff does not assert a cause of action under Texas Labor Code Chapter 21.

40. The allegations in Paragraph 40 contain legal conclusions to which no response is required. To the extent a response is required to any factual allegations set forth herein, Defendants deny each and every allegation in Paragraph 40. Defendants specifically deny that the federal claims herein are timely or, where administrative exhaustion is required, were timely exhausted.

40A. The allegations in Paragraph 40A contain legal conclusions to which no response is required. To the extent a response is required to any factual allegations set forth herein, Defendants deny each and every allegation set forth in Paragraph 40A. Defendants specifically deny that Plaintiff's claims are timely or that Plaintiff has timely exhausted all applicable administrative remedies.

40B. The allegations in Paragraph 40B contain legal conclusions to which no response is required. To the extent a response is required to any factual allegations set forth herein, Defendants deny each and every allegation set forth in Paragraph 40B. Defendants specifically deny that Plaintiff's claims are timely or that Plaintiff has timely exhausted all applicable administrative remedies.

41. The allegations in Paragraph 41 contain legal conclusions to which no response is required. To the extent a response is required to any factual allegations herein, Defendants deny each and every allegation set forth in Paragraph 41. Defendants specifically deny that they engaged in any violation of the FMLA, any willful violation of the FMLA or that Plaintiff has alleged facts sufficient to establish willfulness. Defendants further deny that Plaintiff is entitled to the extended three-year statute of limitations applicable to willful FMLA violations.

41A. The allegations in Paragraph 41A contain legal conclusions to which no response is required. To the extent a response is required to any factual allegations herein, Defendants deny each and every allegation set forth in Paragraph 41A. Defendants specifically deny that they engaged in any violation of the FMLA, any willful violation of the FMLA or that Plaintiff has alleged facts sufficient to establish willfulness. Defendants further deny that Plaintiff is entitled to the extended three-year statute of limitations applicable to willful FMLA violations.

41B. Defendants deny each and every factual allegation in Paragraph 41B. Defendants specifically deny that they engaged in any violation of the FMLA, any willful violation of the FMLA or that Plaintiff has alleged facts sufficient to establish willfulness. Defendants admit only that the allegations upon which Plaintiff relies in support of her FMLA claims are time-barred under the FMLA's two-year statute of limitations. Defendants further deny that Plaintiff is entitled to the extended three-year statute of limitations applicable to willful FMLA violations.

## V. FACTUAL ALLEGATIONS

### A. Qualifications, Performance, and Career Path

42. Defendants admit only that Plaintiff interned at Amazon Services in connection with the Amazon Future Engineer internship program. Defendants deny each and every remaining allegation set forth in Paragraph 42.

43. Defendants admit only that Plaintiff received an opportunity to return to Amazon

Services as a full-time SDE I following her internship. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and therefore deny each and every remaining allegation set forth in Paragraph 43.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and therefore deny each and every allegation set forth in Paragraph 44.

45. Defendants admit only that Plaintiff accepted the SDE I position with Amazon Services and worked as a software-development engineer. Defendants deny each and every remaining allegation set forth in Paragraph 45.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore deny each and every allegation set forth in Paragraph 46.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore deny each and every allegation set forth in Paragraph 47.

48. Defendants deny each and every allegation set forth in Paragraph 48.

49. Defendants deny each and every allegation set forth in Paragraph 49.

50. Defendants deny each and every allegation set forth in Paragraph 50.

50A. Defendants admit only that Plaintiff raised concerns regarding her alleged “guest” status in the Dallas office in a June 28, 2023 communication with Human Resources. Defendants deny each and every remaining allegation set forth in Paragraph 50A.

50B. Defendants admit only that Plaintiff raised concerns regarding her alleged “guest” status in the Dallas office in a June 28, 2023 communication with Human Resources. Defendants

deny each and every remaining allegation set forth in Paragraph 50B.

50C. Defendants admit only that Plaintiff transferred to work in Dallas, Texas and, for purposes of her employment claims, does not dispute that venue in Dallas is appropriate. Defendants deny each and every remaining allegation set forth in Paragraph 50C.

50D. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50D and therefore deny each and every allegation set forth in Paragraph 50D.

**B. Gender-Based Terms, Training, Task Choice, and Collaboration**

51. Defendants deny each and every allegation set forth in Paragraph 51.

52. Defendants deny each and every allegation set forth in Paragraph 52.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 concerning the alleged statements made by Joshua Wright, including the substance and circumstances of such statements, and therefore deny such allegations. Defendants deny each and every remaining allegation set forth in Paragraph 53.

54. Defendants deny each and every allegation set forth in Paragraph 54.

55. Defendants deny that manager Peter Han excluded her from large-scale-event training and collaborative work performed by male engineers. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 concerning the alleged recording retained by Plaintiff and therefore deny each and every such allegation. Defendants deny each and every remaining allegation set forth in Paragraph 55.

56. Defendants deny each and every allegation set forth in Paragraph 56.

57. Defendants deny each and every allegation set forth in Paragraph 57.

58. Defendants deny each and every allegation set forth in Paragraph 58.

59. Defendants deny each and every allegation set forth in Paragraph 59.

60. Defendants deny each and every allegation set forth in Paragraph 60.

60A. Defendants deny each and every allegation set forth in Paragraph 60A.

60B. Defendants admit only that Plaintiff raised concerns with Guang Yang regarding alleged discriminatory or unequal treatment by male members of her engineering team, but deny that any such discriminatory or unequal treatment occurred. Defendants deny each and every remaining allegation set forth in Paragraph 60B.

60C. Defendants admit only that Plaintiff reported to Guang Yang in or around September 2022 that Srujan Chava had yelled at her for approximately eighteen minutes during a work-related interaction, but deny that this alleged conduct occurred. Defendants deny each and every remaining allegation set forth in Paragraph 60C.

60D. Defendants admit only that Guang Yang contacted Rebekah Leota regarding providing Plaintiff with additional support and mentorship, that Leota subsequently spoke with Plaintiff, and that Plaintiff later raised complaints about Yang's outreach to Leota. Defendants deny each and every remaining allegation set forth in Paragraph 60D.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore deny each and every allegation set forth in Paragraph 61.

62. Defendants deny each and every allegation set forth in Paragraph 62.

63. Defendants deny each and every allegation set forth in Paragraph 63.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore deny each and every allegation set forth in Paragraph 64.

65. Defendants deny each and every allegation set forth in Paragraph 65.

66. Defendants deny each and every allegation set forth in Paragraph 66.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore deny each and every allegation set forth in Paragraph 67.

68. Defendants deny that management improperly restricted Plaintiff's professional collaboration with Noah Lidell. With respect to the remaining allegations in Paragraph 68 concerning Plaintiff's professional relationship with Noah Lidell, including the alleged productivity and mutual desire to continue their collaboration, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny each and every remaining allegation set forth in Paragraph 68.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore deny each and every allegation set forth in Paragraph 69.

70. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore deny each and every allegation set forth in Paragraph 70.

**C. Supervisory Inconsistency and Ally Separation**

71. Defendants admit only that Plaintiff requested to report directly to Sathyabama "Bama" Gururajan and that Gururajan did not agree to Plaintiff's request. With respect to the remaining allegations in Paragraph 71, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny each and every remaining allegation set forth in Paragraph 71.

72. Defendants admit only that Plaintiff requested to report directly to Sathyabama "Bama" Gururajan. Defendants deny each and every remaining allegation set forth in Paragraph 72.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore deny each and every allegation set forth in Paragraph 73.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 concerning whether "management permitted or assigned Noah to assist with or approve Matt's work," including whether any such assistance or approval occurred after Plaintiff alleges that Peter Han restricted "Plaintiff's access to Noah's collaboration," and therefore deny the same. Defendants deny each and every remaining allegation set forth in Paragraph 74.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore deny each and every allegation set forth in Paragraph 75.

76. Defendants deny each and every allegation set forth in Paragraph 76.

77. Defendants deny each and every allegation set forth in Paragraph 77.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore deny each and every allegation set forth in Paragraph 78.

79. Defendants deny each and every allegation set forth in Paragraph 79.

80. Defendants deny each and every allegation set forth in Paragraph 80.

80A. Defendants deny each and every allegation set forth in Paragraph 80A.

80B. Defendants deny each and every allegation set forth in Paragraph 80B.

80C. Defendants admit only that Plaintiff raised complaints concerning alleged discrimination and harassment with Human Resources in June 2023. Defendants further admit only that, on June 28, 2023, Katie Nyquist acknowledged receiving additional information and attachments from Plaintiff; that on June 29, 2023, Nyquist acknowledged reviewing Plaintiff's emails and attachments and, copying Tanya Conrad, offered to discuss Plaintiff's concerns; that on June 30, 2023, Nyquist confirmed that she and Conrad had spoken with Plaintiff; and that on July 6, 2023, Nyquist confirmed receipt of Plaintiff's WorkDocs folder and access to the referenced materials. With respect to the allegations concerning the purported November 18, 2022 communication involving Sathyabama Gururajan, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny the same. With respect to the allegations in Paragraph 80C that purport to characterize the contents of the June and July 2023 communications, Defendants state that such communications speak for themselves and therefore deny such allegations to the extent they misconstrue, mischaracterize, or misstate their contents. Defendants otherwise deny each and every remaining allegation set forth in Paragraph 80C.

80D. Defendants deny each and every allegation set forth in Paragraph 80D.

**D. Jewish Identity, Religion, Shared Ancestry, and Protected Opposition**

81. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's religion or ethnic background and therefore deny such allegations as set forth in Paragraph 81. Defendants deny the remaining allegations set forth in Paragraph 81, and specifically deny that they discriminated against Plaintiff on the basis of her religion, race, religious ancestry, or ethnic characteristics, or otherwise violated 42 U.S.C. § 1981 and further

deny that any evidence establishes or will establish "ancestry-based intentional discrimination."

82. Defendants deny each and every allegation set forth in Paragraph 82.

83. Defendants deny each and every allegation set forth in Paragraph 83.

84. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore deny each and every allegation set forth in Paragraph 84.

85. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore deny each and every allegation set forth in Paragraph 85.

86. Defendants deny each and every allegation set forth in Paragraph 86.

87. Defendants deny each and every allegation set forth in Paragraph 87.

88. Defendants deny each and every allegation set forth in Paragraph 88.

89. Defendants admit only that Plaintiff raised complaints concerning alleged antisemitism and religious discrimination to Human Resources. Defendants deny each and every remaining allegation set forth in Paragraph 89.

90. The allegations in Paragraph 90 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 90. Defendants specifically deny that Plaintiff was subjected to intentional discrimination or retaliation on the basis of her alleged "Jewish ancestry or ethnic characteristics," affecting the "making, performance, modification or termination of [any] contractual employment rights," or otherwise, or that Defendants otherwise violated 42 U.S.C. § 1981.

**E. Protected Complaints, July 2023 Arbitration Package, and Retaliatory Escalation**

91. Defendants admit only that Plaintiff complained to management and Human

Resources concerning alleged gender discrimination, religious discrimination and antisemitism, harassment and hostile treatment, retaliation, unequal training and work assignments, and issues concerning code reviews and approvals, but deny that her complaints were substantiated or that Defendants engaged in any unlawful conduct or conduct otherwise based on or related to any protected characteristic or activity. Defendants deny each and every remaining allegation set forth in Paragraph 91.

92. Defendants admit only that Plaintiff raised complaints concerning alleged discrimination, harassment, retaliation, and other workplace concerns with Human Resources in late 2022 and June 2023, including in communications dated June 29, July 5, and July 6, 2023, but deny that her complaints were substantiated or that Defendants engaged in any unlawful conduct or conduct otherwise based on or related to any protected characteristic or activity. Defendants further admit only that Plaintiff subsequently filed charges of discrimination with the Equal Employment Opportunity Commission and submitted requests for workplace accommodations. Defendants deny each and every remaining allegation set forth in Paragraph 92, including any allegation that all such communications constituted protected activity under applicable law.

93. Defendants admit only that Plaintiff alleged discrimination and retaliation in email communication on July 6, 2023. Defendants deny each and every remaining allegation set forth in Paragraph 93.

94. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and therefore deny each and every allegation set forth in Paragraph 94.

95. Defendants deny each and every allegation set forth in Paragraph 95.

96. Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 96 and therefore deny each and every allegation set forth in Paragraph 96.

97. Defendants deny each and every allegation set forth in Paragraph 97.

98. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore deny each and every allegation set forth in Paragraph 98.

99. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore deny each and every allegation set forth in Paragraph 99.

99A. Defendants deny each and every allegation set forth in Paragraph 99A. Defendants further state that no arbitration agreement governs the claims asserted against Defendants in this lawsuit and that Defendants do not seek to invoke or enforce any purported arbitration agreement with respect to such claims.

99B. Defendants deny each and every allegation set forth in Paragraph 99B. Defendants further state that no arbitration agreement governs the claims asserted against Defendants in this lawsuit and that Defendants do not seek to invoke or enforce any purported arbitration agreement with respect to such claims.

99C. Defendants deny each and every allegation set forth in Paragraph 99C. Defendants further state that no arbitration agreement governs the claims asserted against Defendants in this lawsuit and that Defendants do not seek to invoke or enforce any purported arbitration agreement with respect to such claims.

99D. Defendants deny each and every allegation set forth in Paragraph 99D. Defendants further state that no arbitration agreement governs the claims asserted against Defendants in this

lawsuit and that Defendants do not seek to invoke or enforce any purported arbitration agreement with respect to such claims.

99E. Defendants deny each and every allegation set forth in Paragraph 99E. Defendants further state that no arbitration agreement governs the claims asserted against Defendants in this lawsuit and that Defendants do not seek to invoke or enforce any purported arbitration agreement with respect to such claims.

99F. Defendants deny each and every allegation set forth in Paragraph 99F. Defendants further state that no arbitration agreement governs the claims asserted against Defendants in this lawsuit and that Defendants do not seek to invoke or enforce any purported arbitration agreement with respect to such claims.

99G. Defendants deny each and every allegation set forth in Paragraph 99G. Defendants further state that no arbitration agreement governs the claims asserted against Defendants in this lawsuit and that Defendants do not seek to invoke or enforce any purported arbitration agreement with respect to such claims.

99H. The allegations in Paragraph 99H contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every factual allegation set forth in Paragraph 99H.

100. Defendants deny each and every allegation set forth in Paragraph 100.

101. Defendants deny each and every allegation set forth in Paragraph 101.

102. Defendants deny each and every allegation set forth in Paragraph 102.

103. Defendants deny each and every allegation set forth in Paragraph 103.

**F. Disability, Leave, Return to Work, Technology, and Termination**

104. Defendants admit only that Plaintiff took medical leave in 2023 and subsequently

requested workplace accommodations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 and therefore deny each and every remaining allegation set forth in Paragraph 104.

105. Defendants admit only that a letter dated September 29, 2023, purportedly from Dr. Angelo DiMaggio, reflected that Plaintiff could return to work full time effective October 2, 2023, subject to certain restrictions, including an inability to walk, sit, or stand for prolonged periods, working from home five days per week until further notice, and flexible scheduling on Wednesdays for medical treatment and recovery, with any missed work to be made up over the weekend. Defendants deny each and every remaining allegation set forth in Paragraph 105.

106. Defendants admit only that Plaintiff opened an accommodation request with DLS on September 26, 2023, and that DLS acknowledged the request on September 27, 2023 and opened Accommodation Claim A-2023-841714 prior to Plaintiff's return to active work status on October 2, 2023. Defendants further admit only that DLS sent email correspondence on October 6, 2023, which identified Plaintiff's position as a Software Development Engineer and Peter Han as her manager. Defendants further admit only that the October 6, 2023 email from DLS included the following statements: (i) "Limitations: Work from Home due to Provider recommendations;" (ii) "Recommended to Work from Home to prevent episodic flares which can cause set backs;" (iii) "[a]lso in need of a flex schedule or Wednesdays off for treatment. Potentially a 4x10 schedule;" (iv) "Proposed Start Date: Next Scheduled Shift," and (v) "Duration: Indefinite." Defendants deny each and every remaining allegation set forth in Paragraph 106, including insofar as such allegations mischaracterize, misconstrue or misstate the contents of any DLS communications or records, the contents of which speak for themselves.

107. Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 107 and therefore deny each and every allegation set forth in Paragraph 107.

**TWO DISTINCT RETURN-TO-WORK ACCOMMODATION FAILURES[6]**

107A. Defendants admit only that Plaintiff's physician's letter dated September 29, 2023 identified certain restrictions concerning working from home and flexible scheduling on Wednesdays in connection with her October 2, 2023 return to work, and that Amazon opened an accommodation case before October 2, 2023. Defendants deny each and every remaining allegation set forth in Paragraph 107A.

107B. Defendants admit only that Plaintiff requested accommodations related to her work schedule to accommodate purported medical treatment and recovery on Wednesdays and that DLS records reflected such a request. Defendants deny each and every remaining allegation set forth in Paragraph 107B.

107C. Defendants admit only that a letter dated September 29, 2023, purportedly from Dr. Angelo DiMaggio, reflected a request for flexible scheduling on Wednesdays for medical treatment and recovery. Defendants specifically deny any allegation that Defendants failed to provide any reasonable accommodation as required by law. The remaining allegations in Paragraph 107C contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every remaining allegation set forth in Paragraph 107C.

107D. Defendants admit only that Plaintiff requested to work from home as reflected in a letter dated September 29, 2023, purportedly from Dr. Angelo DiMaggio, reported alleged issues with her work computer and system access in October 2023, and requested replacement equipment.

[6] To the extent the heading or subheading immediately following Paragraph 107 contains factual allegations or legal conclusions to which a response is required, Defendants deny each and every such allegation.

Defendants deny each and every remaining allegation set forth in Paragraph 107D.

107E. Defendants deny each and every allegation set forth in Paragraph 107E concerning any alleged failure to provide Plaintiff with the equipment, technology, or access necessary to perform her job remotely or to reasonably accommodate Plaintiff. The remaining allegations in Paragraph 107E contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every remaining allegation set forth in Paragraph 107E.

107F. Defendants deny that they were individually or collectively "responsible for the implementation breakdown" on either "branch" and further deny each and every allegation set forth in Paragraph 107F concerning any alleged failure to engage in the interactive process in good faith, implement reasonable accommodations, or otherwise comply with their obligations under the ADA. The remaining allegations in Paragraph 107F contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every remaining allegation set forth in Paragraph 107F.

107G. Defendants deny each and every allegation set forth in Paragraph 107G.

107H. Defendants admit only that documentation provided to Plaintiff contained instructions on healthcare provider documentation required to return to work. With respect to the allegations in Paragraph 107H that purport to characterize contents of such "healthcare-provider documentation," Defendants state that the contents thereof speak for themselves, and therefore deny such allegations to the extent the allegations misconstrue, mischaracterize, or misstate the contents of said "healthcare-provider documentation." Defendants deny each and every remaining allegation set forth in Paragraph 107H.

107I. Defendants admit only that, in a November 8, 2023 email, HR Partner Yana

Surkova, copying Michelle Magargee, addressed Plaintiff's reported purported laptop and IT issues, including that IT had reported resolving Plaintiff's October 2 and October 5, 2023 technical issues, confirmed that Plaintiff's computer was operational, and indicated that she or Magargee would assist Plaintiff in connecting with IT if Plaintiff continued experiencing laptop issues upon her return from leave. With respect to the allegations concerning the purported October 18, 2023 email, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny the same. Defendants otherwise deny each and every remaining allegation set forth in Paragraph 107I, including any allegation that Defendants unlawfully failed to return or restore Plaintiff to work or otherwise failed appropriately to address Plaintiff's reported technology issues or improperly delayed their resolution until after her return from leave.

107J. Defendants admit only that Plaintiff sent communications indicating that her work laptop was allegedly not working and requested replacement technology from Human Resources. Defendants further admit only that, in January 2024 correspondence, Plaintiff stated that she had requested a laptop to access Amazon's disability services and programs, and that, in a February 18, 2024 communication, Plaintiff requested a replacement work laptop, printer/scanner, and security keys to submit medical documentation. Defendants deny each and every remaining allegation set forth in Paragraph 107J.

107K. Defendants deny each and every allegation set forth in Paragraph 107K.

107L. Defendants deny each and every allegation set forth in Paragraph 107L.

107M. Defendants admit only that a letter dated September 29, 2023, purportedly from Dr. Angelo DiMaggio, indicated that Plaintiff could return to work full time effective October 2, 2023, subject to certain restrictions, including working from home and flexible scheduling on Wednesdays for medical treatment and recovery. Defendants deny each and every remaining

allegation set forth in Paragraph 107M.

107N. Defendants admit only that a letter dated September 29, 2023, purportedly from Dr. Angelo DiMaggio, reflected a request for Plaintiff to work from home full time and for flexible scheduling on Wednesdays for medical treatment and recovery. Defendants deny each and every remaining allegation set forth in Paragraph 107N.

107O. Defendants admit only that Plaintiff reported alleged issues with her work computer and system access, including regarding Windows, VPN connectivity, and security keys, and that IT records reflected certain technical issues that were subsequently reported as resolved. With respect to the remaining allegations in Paragraph 107O concerning Plaintiff's purported temporary or guest credentials and alleged inability to perform on-call responsibilities, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny the same. Defendants deny each and every remaining allegation set forth in Paragraph 107O.

107P. Defendants admit only that Plaintiff raised concerns regarding her work laptop and access to Amazon systems and requested replacement technology from Human Resources. Defendants deny each and every remaining allegation set forth in Paragraph 107P.

107Q. Defendants admit only that Plaintiff submitted medical documentation dated September 15, 2023 and September 29, 2023 concerning requested accommodations relating to her return to work on October 2, 2023. Defendants further admit only that DLS opened an accommodation case to evaluate Plaintiff's requested accommodations prior to her return from leave on October 2, 2023. Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff submitted the medical documentation dated September 15, 2023 and September 29, 2023 before her scheduled return to work and therefore deny the same. Defendants deny each and every remaining allegation set forth in Paragraph 107Q, including any allegation

that Defendants engaged in any unlawful conduct or otherwise failed to engage in the interactive process in good faith with respect to Plaintiff's leave and/or accommodation request.

108. Defendants admit only that Plaintiff returned to active work status on October 2, 2023, reported alleged issues with her work computer and system access and interacted with IT in connection with the alleged issues. With respect to the remaining allegations in Paragraph 108, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny each and every remaining allegation set forth in Paragraph 108.

109. Defendants deny each and every allegation set forth in Paragraph 109.

110. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and therefore deny each and every allegation set forth in Paragraph 110.

111. Defendants deny each and every allegation set forth in Paragraph 111.

112. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 concerning the specific technology, equipment, credentials, permissions, software, and network access alleged in this Paragraph and/or purportedly required for Plaintiff to perform her duties as a Software Development Engineer, and therefore deny the same. Defendants deny each and every remaining allegation set forth in Paragraph 112.

113. Defendants deny each and every allegation set forth in Paragraph 113.

114. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and therefore deny each and every allegation set forth in Paragraph 114.

115. Defendants admit only that Plaintiff requested a replacement work laptop and requested that Human Resources communicate with her in writing rather than by telephone. With

respect to the remaining allegations in Paragraph 115, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny the same.

116. Defendants deny each and every allegation set forth in Paragraph 116.

117. Defendants admit only that Plaintiff resumed a leave of absence on or around October 7, 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 that Plaintiff experienced a "medical setback" and therefore deny such allegation. Defendants otherwise deny each and every remaining allegation set forth in Paragraph 117.

118. Defendants deny each and every allegation set forth in Paragraph 118.

119. Defendants admit only that Plaintiff was approved for leave beginning July 10, 2023, and that its October 12, 2023 leave decision identified July 10 through October 1, 2023 as Plaintiff's FMLA-eligible leave period and that Plaintiff returned to work on October 2, 2023. Defendants further admit only that Plaintiff resumed approved leave on or around October 7, 2023. With respect to the remaining allegations in Paragraph 119, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny the same.

120. Defendants deny each and every allegation set forth in Paragraph 120.

121. Defendants admit only that a Position Statement dated December 13, 2023 submitted in response to EEOC Charge No. 450-2023-08545 (the October 2023 Charge) states that she never returned to work in October 2023. With respect to the allegations in Paragraph 121 that purport to characterize the contents of this Position Statement, Defendants state that the contents thereof speak for themselves and therefore deny such allegations to the extent they misconstrue, mischaracterize, or misstate the contents of the Position Statement. Defendants otherwise deny

each and every remaining allegation set forth in Paragraph 121.

122. Defendants admit the allegations set forth in Paragraph 122.

123. Defendants deny each and every allegation set forth in Paragraph 123.

123A. Defendants deny each and every allegation set forth in Paragraph 123A.

123B. Defendants deny each and every allegation set forth in Paragraph 123B.

123C. Defendants admit only that a Position Statement dated March 5, 2025 was submitted in response to EEOC Charge No. 450-2024-09792 (the July 2024 Charge) which reflected that Plaintiff's employment ended after she failed to seek an extension of her leave and failed to return to work following multiple requests, and that Human Resources sent Plaintiff communications dated March 8, March 19, and March 20, 2024 concerning her return to work or extension of leave and the consequences of failing to respond. Defendants further admit only that Plaintiff requested "replacement" technology. With respect to the allegations in Paragraph 123C that purport to characterize the contents of the Position Statement and email communications, Defendants state that the contents thereof speak for themselves and therefore deny such allegations to the extent they misconstrue, mischaracterize, or misstate their contents. Defendants deny each and every remaining allegation set forth in Paragraph 123C.

124. Defendants admit only that Plaintiff sent a written communication dated April 5, 2024 requesting reinstatement and that Plaintiff was not reinstated. Defendants otherwise deny each and every remaining allegation set forth in Paragraph 124.

125. Defendants deny each and every allegation set forth in Paragraph 125.

126. Defendants admit only that the letter sent to Plaintiff on March 25, 2024 did not identify any "decisionmaker, recommender, reviewer, [or] authorizer." Defendants otherwise deny each and every remaining allegation set forth in Paragraph 126.

127. Defendants deny each and every allegation set forth in Paragraph 127.

128. The allegations in Paragraph 128 concern the scope of Plaintiff's requested relief and contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 128.

**G. Present Economic Emergency, Conditional Reinstatement, and Interim Equitable Relief**

128A. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128A concerning Plaintiff's current physical condition or ability to perform the job duties of a Software Development Engineer, and therefore deny the same. The remaining allegations in Paragraph 128A contain legal conclusions concerning the relief Plaintiff seeks to which no response is required. To the extent a response is required, Defendants deny each and every remaining allegation set forth in Paragraph 128A, including that Plaintiff is entitled to any of the relief requested therein.

128B. The allegations in Paragraph 128B concerning the relief Plaintiff seeks contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 128B, including any allegation that Plaintiff is entitled to reinstatement or other equitable relief.

128C. Defendants admit only that Plaintiff's payroll records reflect monthly gross base compensation of approximately $10,750 during portions of her employment. Defendants deny each and every remaining allegation set forth in Paragraph 128C, including that Plaintiff is entitled to any such relief asserted herein.

128D. Defendants deny each and every allegation set forth in Paragraph 128D, including that Plaintiff is entitled to any such relief asserted herein.

128E. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128E and therefore deny each and every allegation set forth in Paragraph 128E.

128F. The allegations in Paragraph 128F concerning the relief Plaintiff seeks contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 128F, including any allegation that Plaintiff is entitled to preliminary injunctive relief, reinstatement, interim back pay, or other equitable or monetary relief.

128G. The allegations in Paragraph 128G concerning Plaintiff's requested remedies and the availability and calculation of damages contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 128G, including any allegation that Plaintiff is entitled to the claimed wage remedies, disability-income insurance benefits, or other damages.

**H. Independent Disability-Income Insurance Transaction, Amazon Benefit-Status Condition, and Texas Nexus**

129. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and therefore deny each and every allegation set forth in Paragraph 129.

130. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and therefore deny each and every allegation set forth in Paragraph 130.

131. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and therefore deny each and every allegation set forth in

Paragraph 131.

132. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and therefore deny each and every allegation set forth in Paragraph 132.

133. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and therefore deny each and every allegation set forth in Paragraph 133.

134. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and therefore deny each and every allegation set forth in Paragraph 134.

135. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and therefore deny each and every allegation set forth in Paragraph 135.

136. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and therefore deny each and every allegation set forth in Paragraph 136.

137. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and therefore deny each and every allegation set forth in Paragraph 137.

138. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and therefore deny each and every allegation set forth in Paragraph 138.

139. Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 139 and therefore deny each and every allegation set forth in Paragraph 139.

140. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and therefore deny each and every allegation set forth in Paragraph 140.

141. Defendants admit only that by May 2023, Plaintiff had relocated to North Texas and worked for Amazon Development from the Dallas-area workplace. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and therefore deny each and every remaining allegation set forth in Paragraph 141.

142. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and therefore deny each and every allegation set forth in Paragraph 142.

143. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and therefore deny each and every allegation set forth in Paragraph 143.

144. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and therefore deny each and every allegation set forth in Paragraph 144.

145. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and therefore deny each and every allegation set forth in Paragraph 145.

146. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 146 and therefore deny each and every allegation set forth

in Paragraph 146.

146A. Defendants admit only that DLS denied Plaintiff's short-term disability benefits for the period July 17, 2023 through January 7, 2024, and that the applicable Short-Term Disability Summary Plan Description provides for a seven-day elimination period and benefits equal to 60% of basic earnings. With respect to the remaining allegations in Paragraph 146A purporting to characterize the contents of DLS communications and records, Defendants state that such documents speak for themselves and therefore deny such allegations to the extent they misconstrue, mischaracterize, or misstate their contents. Defendants otherwise deny each and every remaining allegation set forth in Paragraph 146A.

146B. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 146B and therefore deny each and every allegation set forth in Paragraph 146B.

146C. Defendants admit only that the Short-Term Disability Summary Plan Description provides for automatic enrollment upon satisfaction of the Plan's eligibility requirements. With respect to the remaining allegations in Paragraph 146C concerning Plaintiff's purported eligibility for or coverage under Amazon short-term or long-term disability benefits in October 2022, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny the same. Defendants otherwise deny each and every remaining allegation set forth in Paragraph 146C.

146D. Defendants deny each and every allegation set forth in Paragraph 146D.

147. With respect to the allegations in Paragraph 147 concerning the purported transmission of information to third parties and the alleged classification of Plaintiff's disability benefits, Defendants lack knowledge or information sufficient to form a belief as to the truth of

such allegations and therefore deny the same. To the extent the remaining allegations in Paragraph 147 contain legal conclusions concerning Defendants' purported responsibility, no response is required. To the extent a response is required, Defendants deny each and every remaining allegation set forth in Paragraph 147.

148. The allegations in Paragraph 148 concerning the scope and characterization of Plaintiff's claims contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 148.

149. Defendants admit only that Plaintiff raised concerns in written communications with Human Resources and other personnel in February and April 2024 regarding her purported disability insurance coverage and alleged interference with her ability to obtain private disability insurance. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 149 and therefore deny each and every remaining allegation set forth in Paragraph 149.

150. Defendants deny each and every allegation set forth in Paragraph 150.

151. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and therefore deny each and every allegation set forth in Paragraph 151.

152. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and therefore deny each and every allegation set forth in Paragraph 152.

152A. Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny each and every allegation set forth in Paragraph 152A.

152B. Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 152B and therefore deny each and every allegation set forth in Paragraph 152B.

152C. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152C and therefore deny each and every allegation set forth in Paragraph 152C.

153. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and therefore deny each and every allegation set forth in Paragraph 153.

154. The allegations in Paragraph 154 concerning Plaintiff's requested relief and the availability and calculation of damages contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that Plaintiff seeks the relief set forth in Paragraph 154, but deny that she is entitled to the same and further deny each and every allegation set forth in Paragraph 154.

## VI. CAUSES OF ACTION

### COUNT I

### TITLE VII - RETALIATION: JULY 2023 POST-PROTECTED-ACTIVITY ARBITRATION / FORUM-DEPRIVATION TRANSACTION

### 42 U.S.C. § 2000e-3(a)

*Against the Amazon Employer Defendants only.*

155. Defendants hereby reallege and incorporate by reference their responses to each and every allegation contained in Paragraphs 81-103 and 104-128 as if fully set forth herein. Defendants deny each and every allegation set forth in Paragraph 155.

156. Defendants deny each and every allegation set forth in Paragraph 156.

156A. Defendants deny that Plaintiff was subjected to "statutory retaliation" or any

unlawful retaliation by Defendants. The remaining allegations in Paragraph 156A contain legal conclusions or arguments to which no response is required. To the extent a response is required, Defendants deny each and every remaining allegation set forth in Paragraph 156A, including insofar as Plaintiff asserts the existence or purported existence of an arbitration agreement governing the claims asserted in her Complaint. In further response, Defendants state that no arbitration agreement governs the claims against Defendants at issue in this lawsuit and that Defendants do not seek to compel arbitration of such claims.

156B. The allegations in Paragraph 156B contain legal conclusions or arguments to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 156B.

**COUNT II**

**TITLE VII - GENDER DISCRIMINATION: UNEQUAL TERMS, CONDITIONS, AND PRIVILEGES OF EMPLOYMENT**

**42 U.S.C. § 2000e-2(a)(1)**

*Against the Amazon Employer Defendants only.*

157. Defendants hereby reallege and incorporate by reference their responses to each and every allegation contained in Paragraphs 1-10, 11-15, 18-41, 42-80, and 104-128 as if fully set forth herein. Defendants deny each and every remaining allegation set forth in Paragraph 157.

158. Defendants admit only that Plaintiff requests "legal and equitable relief… without duplicate recovery," but deny that any such relief is available to her under Title VII or otherwise. Defendants further deny each and every remaining allegation set forth in Paragraph 158.

**COUNT III**

**TITLE VII - DISCRIMINATORY DENIAL OF TRAINING**

**42 U.S.C. § 2000e-2(d)**

*Against the Amazon Employer Defendants only.*

159. Defendants hereby reallege and incorporate by reference their responses to each and every allegation contained in Paragraphs 1-10, 11-41, and 42-70 as if fully set forth herein. Defendants deny each and every remaining allegation set forth in Paragraph 159.

160. Defendants admit only that Plaintiff requests "judgment and the relief authorized by Title VII, including make-whole and equitable relief, subject to statutory limits and avoidance of duplicate recovery," as alleged in Paragraph 160, but deny that Plaintiff is entitled to any judgment or relief against Defendants under Title VII. Defendants deny each and every remaining allegation set forth in Paragraph 160.

**COUNT IV**

**TITLE VII - GENDER-BASED HOSTILE WORK ENVIRONMENT**

**42 U.S.C. § 2000e-2(a)**

*Against the Amazon Employer Defendants only.*

161. Defendants hereby reallege and incorporate by reference their responses to each and every allegation contained in Paragraphs 42-80 and "the relevant notice allegations in Paragraphs 91-103" as if fully set forth herein. Defendants deny each and every remaining allegation set forth in Paragraph 161.

162. Defendants admit only that Plaintiff requests "all remedies legally available" for her purported hostile-environment claim but deny that Plaintiff is entitled to any such relief, including because Plaintiff has failed to state a hostile-work-environment claim upon which relief can be granted. Defendants deny each and every remaining allegation set forth in Paragraph 162.

**COUNT V**

**TITLE VII - RELIGIOUS DISCRIMINATION AND UNEQUAL TERMS**

**42 U.S.C. § 2000e-2(a)(1)**

*Against the Amazon Employer Defendants only.*

163. Defendants hereby reallege and incorporate by reference their responses to each and every allegation contained in Paragraphs 81-90 and "relevant actor and comparator allegations" as if fully set forth herein. Defendants deny each and every remaining allegation set forth in Paragraph 163.

164. Defendants admit only that Plaintiff requests "relief" under Title VII but deny that Plaintiff is entitled to any such relief. Defendants deny each and every remaining allegation set forth in Paragraph 164.

**COUNT VI**

**TITLE VII - RELIGION-BASED AND ANTISEMITIC HOSTILE WORK ENVIRONMENT**

**42 U.S.C. § 2000e-2(a)**

*Against the Amazon Employer Defendants only.*

165. Defendants hereby reallege and incorporate by reference their responses to each and every allegation contained in Paragraphs 81-90 and "relevant notice and cumulative-treatment allegations" as if fully set forth herein. Defendants deny each and every remaining allegation set forth in Paragraph 165.

166. Defendants admit only that Plaintiff purports to "plead[] this Count in the alternative to discrete unequal-terms claims and requests all relief legally available," but deny the claim set forth in this Count or any purported "unequal-terms claims" have any factual or legal merit or that she is entitled to any such relief under Title VII or otherwise. The remaining

allegations in Paragraph 166 constitute Plaintiff's characterizations of her legal theories to which no response is required. To the extent a response is required, Defendants deny any factual allegations therein and further that the remaining allegations establish any liability or entitlement to relief.

**COUNT VII**

**TITLE VII - RETALIATION FOR OPPOSING RELIGIOUS DISCRIMINATION AND ANTISEMITIC HOSTILITY**

**42 U.S.C. § 2000e-3(a)**

*Against the Amazon Employer Defendants only.*

167. Defendants hereby reallege and incorporate by reference their responses to each and every allegation contained in Paragraphs 81-103 and "relevant later adverse-action allegations" as if fully set forth herein. Defendants deny each and every remaining allegation set forth in Paragraph 167.

168. Defendants admit only that Plaintiff requests "relief authorized by Title VII," but deny that she is entitled to any such relief under Title VII. Defendants deny each and every remaining allegation set forth in Paragraph 168.

**COUNT VIII**

**42 U.S.C. § 1981 - JEWISH ANCESTRY OR ETHNIC-CHARACTERISTIC DISCRIMINATION AND RETALIATION**

*Against the Amazon Employer Defendants only.*

169. Defendants hereby reallege and incorporate by reference their responses to each and every allegation contained in Paragraphs 81-90 and "relevant contractual-employment allegations" as if fully set forth herein. Defendants deny each and every remaining allegation set forth in Paragraph 169.

170. Defendants deny Plaintiff's allegations of retaliation, and in particular of "protected opposition to discrimination based on Jewish ancestry or ethnic characteristics and materially adverse impairment of contractual employment rights because of that opposition," and specifically deny that Plaintiff was subject to any discrimination based on her Jewish ancestry or ethnic characteristics, retaliation for any engagement in any protected activity, or that any of Defendants otherwise impaired any of Plaintiff's contractual employment rights in violation of Section 1981. Defendants deny each and every remaining factual allegation in Paragraph 170. The remaining allegations in Paragraph 170 concerning the applicable legal standards and scope of Plaintiff's purported Section 1981 claim contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every remaining allegation in Paragraph 170, and specifically deny those allegations establish any liability or entitlement to relief under Section 1981.

**COUNT IX**

**ADA - FAILURE TO PROVIDE REASONABLE ACCOMMODATION**

**AND INTERACTIVE-PROCESS BREAKDOWN**

**42 U.S.C. § 12112(b)(5)(A)**

TWO SEPARATE ACCOMMODATION-IMPLEMENTATION FAILURES:
SCHEDULE + SECURE REMOTE-WORK ACCESS

*Against the Amazon Employer Defendants only.*

171. Defendants hereby reallege and incorporate by reference their responses to each and every allegation contained in Paragraphs 104-128 as if fully set forth herein. Defendants admit only that Plaintiff requested remote work and a modified schedule on Wednesdays for asserted treatment and/or recovery as accommodations. Defendants further admit only that Plaintiff complained of purported issues with her Amazon-issued work computer and system access and

requested replacement technology. Defendants deny each and every remaining allegation set forth in Paragraph 171.

172. Defendants deny each and every allegation set forth in Plaintiff's allegations that "Amazon failed to implement an effective return-to-work accommodation through two distinct implementation failures and allowed inaccessible or circular processes to defeat implementation without establishing undue hardship," and further deny that Defendants unlawfully failed to provide Plaintiff with reasonable accommodations, unreasonably delayed or wrongfully failed to implement reasonable accommodations, or otherwise failed to engage in the interactive accommodation process in good faith. Defendants deny each and every remaining factual allegation in Paragraph 172. The remaining allegations in Paragraph 172 concerning the applicable legal standards and scope of Plaintiff's purported ADA claim contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every remaining allegation in Paragraph 172, and specifically deny that those allegations establish any violation of the ADA or entitlement to relief.

172A. Defendants admit only that Plaintiff requested flexibility in connection with her reported Wednesday treatment and recovery needs and that the scheduling accommodation request was documented in Amazon's accommodation process. Defendants deny that Amazon imposed or maintained on-call responsibilities materially incompatible with Plaintiff's medical restrictions or otherwise failed to accommodate Plaintiff in violation of applicable law. Defendants deny each and every remaining factual allegation in Paragraph 172A. The remaining allegations in Paragraph 172A concerning the applicable statutory provisions and EEOC guidance contain legal conclusions and characterizations of legal authorities to which no response is required. To the extent a response is required, Defendants deny each and every remaining allegation in Paragraph 172A, and

specifically deny that those authorities establish any violation of the ADA or entitlement to relief.

172B. Defendants admit only that documentation received from Plaintiff's medical provider released her to work from home on a full-time basis, that Plaintiff worked remotely for a brief period upon her return before resuming leave, and that Plaintiff reported purported computer and access issues. Defendants deny Plaintiff's allegations that Amazon "failed to provide or restore an effective employer-authorized route to the secure virtual workplace," and further deny that Defendants unreasonably failed to address Plaintiff's reported computer or access issues or otherwise failed to accommodate Plaintiff in violation of applicable law. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning the purported particular equipment, credentials, permissions, software, and network access allegedly necessary to perform her remote position, and on that basis deny those allegations. Defendants deny each and every remaining factual allegation in Paragraph 172B. The remaining allegations in Paragraph 172B concerning the applicable statutory provisions and cited judicial authority contain legal conclusions and characterizations of law to which no response is required. To the extent a response is required, Defendants deny each and every remaining allegation in Paragraph 172B, and specifically deny that those authorities establish any violation of the ADA or entitlement to relief.

172C. Defendants admit only that Plaintiff requested accommodations relating to remote work and a modified work schedule, and that an October 6, 2023 email from DLS included the following statements: (i) "Limitations: Work from Home due to Provider recommendations;" (ii) "Recommended to Work from Home to prevent episodic flares which can cause set backs;" (iii) "[a]lso in need of a flex schedule or Wednesdays off for treatment. Potentially a 4x10 schedule;" and (iv) "Proposed Start Date: Next Scheduled Shift." Defendants lack knowledge or information

sufficient to form a belief as to the truth of Plaintiff's allegations that "Amazon's own DLS materials likewise instructed Plaintiff to submit return restrictions before the scheduled return so Amazon could consider accommodation for them," and therefore deny the same. Defendants further deny that they unreasonably delayed or unlawfully failed to provide or implement reasonable accommodations, failed to appropriately consider Plaintiff's requested accommodations or medical restrictions, or otherwise failed to engage in the interactive accommodation process in good faith. Defendants also deny that any such alleged failures occurred in connection with Plaintiff's return to work after Amazon had received the physician-defined restrictions. Defendants deny each and every remaining factual allegation in Paragraph 172C. The remaining allegations in Paragraph 172C concerning applicable EEOC guidance, the legal significance of Plaintiff's accommodation records, and Plaintiff's characterization of those records "as evidence of Amazon's knowledge and the immediacy of implementation," constitute legal conclusions and characterizations of law to which no response is required. To the extent a response is required, Defendants deny those allegations and deny that they establish any violation of the ADA or entitlement to relief.

172D. Defendants admit only that Plaintiff returned to work on October 2, 2023 for a brief period of time until on or around October 7, 2023, but deny Plaintiff's allegation that her return on October 2, 2023 "made actual performance under the known restrictions immediate rather than hypothetical," and further deny that Defendants unreasonably delayed or otherwise failed to engage in the interactive accommodation process in good faith. Defendants deny each and every remaining factual allegation in Paragraph 172D. The remaining allegations in Paragraph 172D concerning applicable legal standards and cited judicial authorities contain legal conclusions and characterizations of law to which no response is required. To the extent a response is required,

Defendants deny each and every remaining allegation in Paragraph 172D, and specifically deny that those authorities establish any violation of the ADA or entitlement to relief.

172E. Defendants admit only that Plaintiff opened an accommodation case with Amazon before her return to work on October 2, 2023. Defendants further admit only that an email from DLS to Plaintiff on September 27, 2023 generally identified Certificate of Fitness Coding as a potential option for employees unable to work during the accommodation process because of safety concerns, but otherwise deny that the notice establishes any violation of the ADA or entitlement to relief. Defendants further deny Plaintiff's allegations that Amazon controlled or effected any unreasonable or unlawful delay in implementing Plaintiff's requested accommodations, required Plaintiff to perform work under suboptimal conditions or conditions materially incompatible with medical restrictions then known to Defendants, or otherwise failed to engage in the interactive accommodation process in good faith or violated the ADA. Defendants deny each and every remaining factual allegation in Paragraph 172E. The remaining allegations in Paragraph 172E concerning the applicable legal standards, cited judicial authorities, and Plaintiff's characterizations of her legal theories contain legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny each and every remaining allegation set forth in Paragraph 172E, and specifically deny that those allegations establish any violation of the ADA or entitlement to relief.

172F. Defendants admit only that an October 6, 2023 email from DLS reflected restrictions and recommendations from Plaintiff's medical provider, including the following statements: (i) "Limitations: Work from Home due to Provider recommendations," and (ii) "Recommended to Work from Home to prevent episodic flares which can cause set backs." Defendants further admit only that Plaintiff subsequently returned to leave on October 7, 2023.

Defendants deny that Plaintiff was "deprived her of prescribed recovery time" as a result of Defendants' failure to provide or implement reasonable accommodations, that Defendants caused or contributed to any alleged medical setback, or that Defendants otherwise failed to accommodate Plaintiff in violation of applicable law. Defendants deny each and every remaining factual allegation in Paragraph 172F. The remaining allegations in Paragraph 172F concerning the applicable legal standards, cited judicial authority, and Plaintiff's characterizations of her legal theories contain legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny each and every remaining allegation set forth in Paragraph 172F. Defendants specifically dispute Plaintiff's characterizations of the alleged events as demonstrating an ineffective accommodation or a concrete risk attributable to Defendants, dispute Plaintiff's application of the cited judicial authority to the circumstances alleged, and deny that the allegations establish any violation of the ADA or entitlement to relief.

172G. Defendants admit only that, in a November 8, 2023 email, Human Resources addressed Plaintiff's reported purported laptop and system access issues, advised that IT had reported resolving identified issues, and offered to assist Plaintiff in connecting with IT if she continued to experience laptop issues upon returning from leave. With respect to the remaining allegations in Paragraph 172G concerning the purported October 18, 2023 communication, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny the same. Defendants deny that their communications reflected an unreasonable or unlawful "return-first/repair-later" approach, that Defendants improperly prolonged the resolution of Plaintiff's reported technology issues or the accommodation process, or that Defendants otherwise failed to provide or implement reasonable accommodations in violation of applicable law. Defendants deny each and every remaining allegation set forth in

Paragraph 172G.

172H. Defendants admit only that a Position Statement dated March 5, 2025 was submitted in response to EEOC Charge No. 450-2024-09792 (the July 2024 Charge) that stated Plaintiff refused to seek an extension of a leave of absence and refused to return to work after multiple requests. Defendants deny Plaintiff's allegations that any purportedly unresolved accommodation or secure-technology process caused or materially contributed to Plaintiff's failure to return to work or respond to communications, or that Defendants relied on any alleged accommodation-related difficulties as a pretext for terminating Plaintiff's employment. Defendants further deny that they unreasonably delayed or unlawfully failed to provide or implement reasonable accommodations to which Plaintiff was entitled. Defendants deny each and every remaining factual allegation in Paragraph 172H. The remaining allegations in Paragraph 172H concerning the applicable legal standards, cited judicial authorities, and Plaintiff's characterizations of the alleged events and their legal significance contain legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny each and every remaining allegation set forth in Paragraph 172H. Defendants specifically dispute Plaintiff's application of the cited judicial authorities to the circumstances alleged and deny that the allegations establish any violation of the ADA or entitlement to relief.

172I. Defendants admit only that Plaintiff requests "all ADA remedies legally available for the two failure-to-accommodate theories," but deny that Plaintiff is entitled to any such relief under the ADA or otherwise, or that her purported failure-to-accommodate claims have any factual or legal merit. Defendants deny each and every remaining factual allegation, if any, set forth in Paragraph 172I.

172J. Defendants admit only that Plaintiff requested a flexible work schedule in

connection with her reported Wednesday medical treatment and recovery needs, and that an October 6, 2023 email from DLS reflected "Wednesdays off" as a restriction or recommendation attributed to Plaintiff's medical provider. Defendants deny Plaintiff's allegation that Amazon assigned or maintained on-call responsibilities that materially interfered with medical restrictions then known to Defendants, and further deny that Defendants otherwise failed to accommodate Plaintiff in violation of applicable law. Defendants deny each and every remaining factual allegation in Paragraph 172J. The remaining statements concerning what Plaintiff does or does not plead constitute characterizations of her allegations to which no response is required. To the extent a response is required, Defendants deny each and every remaining factual allegation, and specifically deny that those characterizations establish any violation of the ADA or entitlement to relief.

172K. Defendants admit only that Plaintiff reported purported computer and system access issues and requested technology assistance. Defendants deny that Plaintiff's continued reports or requests establish that any material computer or access issues remained unresolved, that Defendants failed to reasonably address Plaintiff's reported issues, or that Defendants otherwise failed to provide or implement reasonable accommodations in violation of applicable law. Defendants deny each and every remaining factual allegation in Paragraph 172K. The remaining allegations in Paragraph 172K concerning Plaintiff's characterizations of her legal theories and the legal significance of her reported technology issues contain legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny each and every remaining allegation in Paragraph 172K, and specifically deny that those allegations establish any violation of the ADA or entitlement to relief.

172L. Defendants admit only that Plaintiff seeks discovery of the categories of documents

and information identified in Paragraph 172L. Defendants deny Plaintiff's allegation that the circumstances of her October 2, 2023 return-to-work demonstrate that Defendants failed to provide or implement an effective reasonable accommodation, and further deny that Defendants unreasonably or unlawfully failed to accommodate Plaintiff or otherwise violated the ADA. Defendants deny each and every remaining factual allegation in Paragraph 172L. The remaining allegations in Paragraph 172L concerning the applicable legal standards and Defendants' potential defenses contain legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny each and every remaining allegation set forth in Paragraph 172L, and specifically deny that those allegations establish any violation of the ADA or entitlement to relief.

**COUNT X**

**ADA - DISABILITY DISCRIMINATION AND DISCRIMINATORY DISCHARGE**

**42 U.S.C. § 12112(a)**

*Against the Amazon Employer Defendants only.*

173. Defendants hereby reallege and incorporate by reference their responses to each and every allegation contained in Paragraphs 104-128 as if fully set forth herein. Defendants deny each and every remaining allegation set forth in Paragraph 173.

173A. Defendants admit only that a Position Statement dated March 5, 2025 was submitted in response to EEOC Charge No. 450-2024-09792 (the July 2024 Charge) that stated Plaintiff refused to seek an extension of a leave of absence and refused to return to work after multiple requests. Defendants further admit only that Plaintiff returned to work for a brief period in October 2023, and that Human Resources sent Plaintiff communications dated March 8, March 19, and March 20, 2024 concerning her return to work or extension of leave and the potential consequences of failing to respond. Defendants deny Plaintiff's allegations that any purportedly

unresolved accommodation or technology issues caused or materially contributed to Plaintiff's failure to return to work or respond to communications, that Defendants created or maintained an unlawful barrier to Plaintiff's return to work, or that Defendants' stated reasons for Plaintiff's separation were false or pretextual. Defendants deny each and every remaining factual allegation in Paragraph 173A. To the extent the remaining allegations contain Plaintiff's characterizations of the alleged events and their legal significance, Defendants deny each and every remaining allegation in Paragraph 173A, and specifically dispute those characterizations and deny that they establish any unlawful conduct, causation, pretext, or entitlement to relief.

174. Defendants admit only that Plaintiff requests "all lawful ADA relief…supported bonus, equity, and benefit components; medically conditional reinstatement to the same or a substantially equivalent position … a renewed interactive process and functioning work technology upon release; correction of employment records; front pay if reinstatement later proves infeasible and front pay is otherwise legally available; compensatory relief subject to law; and appropriate preliminary and permanent injunctive relief," as set forth in Paragraph 174 but deny that Plaintiff is entitled to any such relief under the ADA or otherwise. Defendants deny each and every remaining factual allegation set forth in Paragraph 174.

**COUNT XI**

**ADA - RETALIATION AND INTERFERENCE**

**42 U.S.C. § 12203(a)-(b)**

*Against the Amazon Employer Defendants only.*

175. Defendants hereby reallege and incorporate by reference their responses to each and every allegation contained in Paragraphs 91-103 and 104-128 as if fully set forth herein. Defendants deny each and every remaining allegation set forth in Paragraph 175.

175A. The allegations in Paragraph 175A concerning Plaintiff's characterization of her

legal theories contain legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny that they burdened, deterred, coerced, or interfered with Plaintiff's exercise or enjoyment of rights protected by the ADA, or that any alleged conduct constituted unlawful retaliation, interference or failure to accommodate under the ADA. Defendants deny each and every remaining factual allegation in Paragraph 175A.

176. The allegations in Paragraph 176 concerning Plaintiff's characterization of her claims and the legal significance of the challenged conduct contain legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny that the challenged conduct could reasonably deter or unlawfully interfere with Plaintiff's exercise or enjoyment of rights protected by the ADA, or that Defendants otherwise violated 42 U.S.C. § 12203. Defendants admit only that Plaintiff requests relief under 42 U.S.C. § 12203 and its incorporated enforcement provisions, but deny that Plaintiff is entitled to any such relief. Defendants deny each and every remaining factual allegation in Paragraph 176.

**COUNT XII**

**FMLA - INTERFERENCE AND RESTORATION**

**29 U.S.C. §§ 2614(a)(1), 2615(a)(1)**

*Against the Amazon Employer Defendants only.*

177. Defendants hereby reallege and incorporate by reference their responses to each and every allegation contained in Paragraphs 104–128 as if fully set forth herein. Defendants admit only that DLS designated July 10 through October 1, 2023 as Plaintiff's FMLA-eligible leave period. Defendants further admit only that Plaintiff briefly returned to remote work on October 2, 2023, before resuming leave on or about October 7, 2023. Defendants deny Plaintiff's allegation that they interfered with her FMLA restoration rights by maintaining or failing to remedy technology, credential, or communication barriers; imposing return-to-work conditions that

conflicted with medical treatment or recovery restrictions then known to Defendants; improperly linking allegedly inaccessible documentation processes with leave administration; or using the consequences of any alleged employer-caused breakdown against Plaintiff, including in connection with her separation from employment. Defendants further deny that any alleged technology or access barriers attributable to Defendants caused or prevented Plaintiff from returning to work or extending her leave, that Defendants failed to restore Plaintiff as required by the FMLA, or that Defendants otherwise violated the FMLA. Defendants deny each and every remaining factual allegation in Paragraph 177. The remaining allegations in Paragraph 177 concerning the applicable FMLA and ADA legal standards, Plaintiff's characterization of her claims, and the applicable limitations period contain legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 177, and specifically deny that those allegations establish any violation of the FMLA or entitlement to relief.

178. Defendants admit only that Plaintiff seeks "damages and equitable relief available under 29 U.S.C. § 2617," but deny that Plaintiff is entitled to any such damages or equitable relief. Defendants further deny that Plaintiff suffered any loss of work, compensation, benefits, restoration, or employment as a result of any violation of the FMLA by Defendants. Defendants deny each and every remaining factual allegation set forth in Paragraph 178.

**COUNT XIII**

**FMLA - RETALIATION**

**29 U.S.C. § 2615(a)(2)**

*Against the Amazon Employer Defendants only.*

179. Defendants hereby reallege and incorporate by reference their responses to each and every allegation contained in Paragraphs 104–128 as if fully set forth herein. Defendants admit

only that Plaintiff was approved for FMLA-designated leave from July 10 through October 1, 2023. Defendants further admit only that Plaintiff returned to work on October 2, 2023, and subsequently took additional leave on or about October 7, 2023. Defendants deny each and every remaining factual allegation set forth in Paragraph 179. The remaining allegations in Paragraph 179 concerning the applicable limitations period, the legal standard for willfulness, and Plaintiff's characterization of her claims contain legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny each and every remaining allegation set forth in Paragraph 179, and specifically deny that those allegations establish any violation of the FMLA or entitlement to relief.

180. Defendants admit only that Plaintiff requests relief under the FMLA, including liquidated damages, but deny that Plaintiff is entitled to any such relief. Defendants deny each and every remaining factual allegation in Paragraph 180.

**COUNT XIV**

**BREACH OF CONTRACTUAL UNDERTAKING TO PROCURE OR COMPLETE SPECIFICALLY REQUESTED INDIVIDUAL DISABILITY-INCOME INSURANCE**

*Under Pennsylvania law or other governing state law; pleaded in the alternative against Guardian and Berkshire only.*

181. The allegations in this Paragraph 181 concern Plaintiff's incorporation by reference of allegations in support of claims asserted solely against Defendants other than the Amazon Defendants and therefore require no response from the Amazon Defendants. To the extent a response is required, the Amazon Defendants incorporate by reference their previously stated responses to the allegations identified or referenced in Paragraph 181, to the extent applicable.

182. The allegations in Paragraph 182 concern claims asserted solely against Defendants

other than the Amazon Defendants and therefore require no response from the Amazon Defendants. To the extent a response is required, the Amazon Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 182 and, on that basis, deny such allegations.

183. The allegations in Paragraph 183 concern claims asserted solely against Defendants other than the Amazon Defendants and therefore require no response from the Amazon Defendants. To the extent a response is required, the Amazon Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 183 and, on that basis, deny such allegations.

184. The allegations in Paragraph 184 concern claims and/or legal conclusions asserted solely against Defendants other than the Amazon Defendants and therefore require no response from the Amazon Defendants. To the extent a response is required, the Amazon Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 184 and, on that basis, deny such allegations.

185. The allegations in Paragraph 185 concern claims asserted solely against Defendants other than the Amazon Defendants and therefore require no response from the Amazon Defendants. To the extent a response is required, the Amazon Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 185 and, on that basis, deny such allegations.

186. The allegations in Paragraph 186 concern claims asserted solely against Defendants other than the Amazon Defendants and therefore require no response from the Amazon Defendants. To the extent a response is required, the Amazon Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 186

and, on that basis, deny such allegations.

187. The allegations in Paragraph 187 concern claims asserted solely against Defendants other than the Amazon Defendants and therefore require no response from the Amazon Defendants. To the extent a response is required, the Amazon Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 187 and, on that basis, deny such allegations.

188. The allegations in Paragraph 188 concern claims asserted solely against Defendants other than the Amazon Defendants and therefore require no response from the Amazon Defendants. To the extent a response is required, the Amazon Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 188 and, on that basis, deny such allegations.

189. The allegations in Paragraph 189 concern claims asserted solely against Defendants other than the Amazon Defendants and therefore require no response from the Amazon Defendants. To the extent a response is required, the Amazon Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 189 and, on that basis, deny such allegations.

189A. The allegations in Paragraph 189A concern claims asserted solely against Defendants other than the Amazon Defendants and therefore require no response from the Amazon Defendants. To the extent a response is required, the Amazon Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 189A and, on that basis, deny such allegations.

**COUNT XV**

**PROMISSORY ESTOPPEL / DETRIMENTAL RELIANCE**

*Under Pennsylvania law or other governing state law; pleaded only if no enforceable procurement undertaking is found, against Guardian and Berkshire separately and alternatively.*

190. The allegations in this Paragraph 190 concern Plaintiff's incorporation by reference of allegations in support of claims asserted solely against Defendants other than the Amazon Defendants and therefore require no response from the Amazon Defendants. To the extent a response is required, the Amazon Defendants incorporate by reference their previously stated responses to the allegations identified or referenced in Paragraph 190, to the extent applicable.

191. The allegations in Paragraph 191 concern claims and/or legal conclusions asserted solely against Defendants other than the Amazon Defendants and therefore require no response from the Amazon Defendants. To the extent a response is required, the Amazon Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 191 and, on that basis, deny such allegations.

192. The allegations in Paragraph 192 concern claims asserted solely against Defendants other than the Amazon Defendants and therefore require no response from the Amazon Defendants. To the extent a response is required, the Amazon Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 192 and, on that basis, deny such allegations.

193. The allegations in Paragraph 193 concern claims asserted solely against Defendants other than the Amazon Defendants and therefore require no response from the Amazon Defendants. To the extent a response is required, the Amazon Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 193

and, on that basis, deny such allegations.

194. The allegations in Paragraph 194 concern claims asserted solely against Defendants other than the Amazon Defendants and therefore require no response from the Amazon Defendants. To the extent a response is required, the Amazon Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 194 and, on that basis, deny such allegations.

195. The allegations in Paragraph 195 concern claims asserted solely against Defendants other than the Amazon Defendants and therefore require no response from the Amazon Defendants. To the extent a response is required, the Amazon Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 195 and, on that basis, deny such allegations.

196. The allegations in Paragraph 196 concern claims asserted solely against Defendants other than the Amazon Defendants and therefore require no response from the Amazon Defendants. To the extent a response is required, the Amazon Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 196 and, on that basis, deny such allegations.

197. The allegations in Paragraph 197 concern claims and/or legal conclusions asserted solely against Defendants other than the Amazon Defendants and therefore require no response from the Amazon Defendants. To the extent a response is required, the Amazon Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 197 and, on that basis, deny such allegations.

198. The allegations in Paragraph 198 concern claims and/or legal conclusions asserted solely against Defendants other than the Amazon Defendants and therefore require no response

from the Amazon Defendants. To the extent a response is required, the Amazon Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 198 and, on that basis, deny such allegations.

## VII. PRAYER FOR RELIEF

Defendants admit only that Plaintiff seeks $70,000,000 in total monetary relief and the relief listed in A – P of the "PRAYER FOR RELIEF," but deny that Plaintiff is entitled to any of the relief sought. Defendants deny each and every remaining allegation set forth in the "PRAYER FOR RELIEF."

## VIII. JURY DEMAND

Defendants admit only that Plaintiff seeks trial by jury on every issue so triable but deny that Plaintiff has set forth any claim upon which relief can be granted.

## GENERAL DENIAL

Defendants deny that Plaintiff is entitled to any relief whatsoever, including the relief requested in Section VII titled "PRAYER FOR RELIEF" following Paragraph 198. Defendants further generally deny all allegations in Plaintiff's Complaint except for those that were specifically admitted in accordance with Federal Rule of Civil Procedure 8(b)(3).

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following Affirmative and Other Defenses, to the extent applicable to either or both Defendants and, where appropriate, in the alternative, without assuming the burden of proof where such burden is otherwise on Plaintiff pursuant to applicable substantive or procedural law. Defendants also assert these defenses without conceding that they are in fact affirmative defenses or that either answering Defendant bears the burden of proving them. Except to the extent expressly admitted in this Answer, the assertion of any defense shall not be construed as an admission that either answering Defendant engaged in any of the alleged conduct, made or

participated in any of the challenged employment decisions, or is legally responsible for any act or omission alleged in the Complaint, including conduct attributed collectively to "Defendants."

1. Plaintiff's claims fail, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

3. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to properly effectuate service of process pursuant to Federal Rule of Civil Procedure 4, including by serving Defendants with a version of the Complaint that differed from the operative Complaint filed with the Court. Defendants expressly preserve their defenses of insufficient process and insufficient service of process under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).

4. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to timely exhaust mandatory administrative remedies with respect to such claims, or the factual allegations on which such claim(s) are based, or to the extent that such claims or factual allegations were not properly alleged in or within the scope of a charge of discrimination timely filed with the United States Equal Employment Opportunity Commission or the Texas Workforce Commission – Civil Rights Division. Defendants further assert that Plaintiff's claims under Title VII and the ADA arising from discrete acts occurring more than three hundred (300) days before the filing of the applicable EEOC charge are time-barred.

5. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to timely commence this action within ninety (90) days of receiving a Notice of Right to Sue issued by the EEOC with respect to claims or allegations asserted in or within the scope of Plaintiff's EEOC Charges of Discrimination.

6. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to impose liability on either Defendant (Amazon Services or Amazon Development) for conduct occurring outside the period of its employment of Plaintiff or for acts or omissions attributable to another legal entity, absent a legally sufficient basis for imposing such liability. Plaintiff cannot establish that Defendants constituted a joint employer, single employer, or integrated enterprise, or that either answering Defendant is liable for the acts or omissions of another entity, based solely on corporate affiliation or the performance of shared administrative functions, if any.

7. All alleged employment action(s) about which Plaintiff complains were taken—if at all—for reasons wholly unrelated to any alleged protected status (disability, race, religion, national origin, sex), request for reasonable accommodation, or protected activity of/by Plaintiff, and such protected characteristic(s), request(s) for accommodation, and/or alleged protected activity(ies) were not individually or collectively motivating or determinative factors in any of Defendants' decisions or actions related to Plaintiff.

8. All alleged employment actions taken by Defendants with respect to Plaintiff, if at all, were based on legitimate, non-discriminatory, and non-retaliatory business reasons, and would have been taken regardless and in the absence of any protected status (disability, race, religion, national origin, sex) or alleged protected activity of/by Plaintiff or any other alleged impermissible factors.

9. Plaintiff's claims under Title VII are barred, in whole or in part, and her available remedies are limited, to the extent Defendants establish that they would have taken the same employment actions in the absence of any alleged impermissible motivating factor, even if Plaintiff establishes that a protected characteristic was a motivating factor in such actions, which Defendants expressly deny, pursuant to 42 U.S.C. § 2000e-5(g)(2)(B).

10. Plaintiff's claims are barred, in whole or in part, because there is no causal connection between any alleged protected status (disability, race, religion, national origin, sex) or protected activities engaged in by Plaintiff, on one hand, and any alleged actionable adverse employment action(s) taken by Defendants, on the other.

11. Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish that any alleged actionable adverse employment action or other injury would not have occurred but for Plaintiff's protected status (disability, race, religion, national origin, sex), protected activity, or other allegedly impermissible factor, to the extent such causation is required under applicable law.

12. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish that she suffered any materially adverse employment action, actionable disadvantage respecting the terms, conditions, or privileges of her employment, or other actionable harm under the applicable statute(s).

13. Plaintiff's claims based upon a theory of retaliation fail, in whole or in part, to the extent such claims are premised on complaints or conduct that do not constitute protected activity under the applicable statute(s).

14. Plaintiff's claims under 42 U.S.C. § 1981 are barred, in whole or in part, because Defendants did not intentionally discriminate against Plaintiff on the basis of race, ancestry, or ethnic characteristics, or otherwise impair any contractual rights protected under Section 1981.

15. Plaintiff's claims under 42 U.S.C. § 1981 are barred, in whole or in part, because Plaintiff cannot establish that her race, ancestry, or ethnic characteristics were a but-for cause of any alleged impairment of her contractual rights or other actionable injury.

16. Plaintiff's claims for retaliation under 42 U.S.C. § 1981 are barred, in whole or in

part, to the extent Plaintiff cannot establish that she engaged in activity protected under Section 1981, including opposition to discrimination based on race, ancestry, or ethnic characteristics, or that any alleged retaliatory action was causally connected to such protected activity.

17. Plaintiff's claims under 42 U.S.C. § 1981 are barred, in whole or in part, to the extent such claims are based solely on alleged discrimination concerning Plaintiff's religion, sex, disability, or other characteristics not protected under Section 1981, rather than discrimination based on race, ancestry, or ethnic characteristics.

18. Plaintiff's claims under 42 U.S.C. § 1981 are barred, in whole or in part, to the extent Plaintiff cannot establish that Defendants impaired her right to make, perform, modify, or terminate contracts, or to enjoy the benefits, privileges, terms, and conditions of a contractual relationship, on the basis of race, ancestry, or ethnic characteristics.

19. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff is not a qualified individual with a disability under the ADA.

20. Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish that she is a qualified individual with a disability who could perform the essential functions of her position with or without reasonable accommodation(s).

21. Plaintiff's claims are barred, in whole or in part, because Defendants provided Plaintiff with reasonable accommodation(s).

22. Plaintiff's claims are barred, in whole or in part, because Defendants engaged in the interactive process in good faith to identify reasonable accommodation(s) and any alleged breakdown in interactive process was attributable to Plaintiff.

23. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's requests for accommodation were unreasonable or presented an undue hardship to Defendants.

24. Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to her preferred accommodation.

25. Plaintiff's claims are barred, in whole or in part, because any applicable employment standards, attendance requirements, performance expectations, or job qualifications imposed by Defendants were job-related, uniformly applied where required by law, and consistent with business necessity.

26. Plaintiff's claims under the FMLA are barred, in whole or in part, to the extent Plaintiff did not satisfy one or more prerequisites for FMLA eligibility and/or entitlement, including but not limited to the applicable hours-of-service requirements, qualifying leave requirements, notice requirements, medical certification, recertification, or other information required under the FMLA. Plaintiff's claims are further barred, in whole or in part, to the extent Plaintiff was unable to perform an essential function of her position because of a physical or mental condition and therefore was not entitled to restoration under the FMLA.

27. Plaintiff's FMLA claims are barred, in whole or in part, because Defendants did not interfere with, restrain, or deny the exercise of any rights protected under the FMLA, Plaintiff received all FMLA leave to which she was entitled, and Plaintiff suffered no prejudice or compensable harm proximately caused by any alleged FMLA violation.

28. Plaintiff's FMLA claims are barred, in whole or in part, because the FMLA does not entitle Plaintiff to any greater rights to continued employment, reinstatement, or other employment benefits than she would have possessed had she not taken FMLA leave.

29. Plaintiff's FMLA claims are barred, in whole or in part, because any decision related to Plaintiff's separation from employment was based on legitimate, non-discriminatory, and non-retaliatory reasons independent of Plaintiff's request for or use of FMLA leave, including

Plaintiff's failure to return to work or obtain an approved extension of leave following the expiration of her approved leave.

30. Plaintiff's FMLA claims are barred, in whole or in part, to the extent Plaintiff cannot establish that Defendants willfully violated the FMLA or that the extended three-year statute of limitations applies. Plaintiff's FMLA claims are further barred, in whole or in part, to the extent they arise from alleged actions or conduct occurring more than two years before the filing of Plaintiff's Complaint, because Defendants deny any willful violation of the FMLA.

31. Plaintiff's FMLA claims are barred, in whole or in part, to the extent Plaintiff exhausted her entitlement to FMLA-protected leave and sought additional leave or other employment protections beyond those required under the FMLA.

32. Plaintiff's claims are barred, in whole or in part, because Defendants' alleged conduct was not sufficiently severe or pervasive to alter the terms or conditions of Plaintiff's employment.

33. Plaintiff's FMLA claims are barred, in whole or in part, because Plaintiff cannot establish a causal connection between her request for or use of FMLA-protected leave or other exercise of rights under the FMLA and any alleged adverse employment action taken by Defendants, under the causation standard ultimately determined to govern such claims.

34. Plaintiff's claims are barred, in whole or in part, because any alleged criticism, coaching, feedback, work assignments, code-review requirements, performance evaluations or other challenged decisions or actions concerning Plaintiff constituted legitimate, non-discriminatory, and non-retaliatory business judgments.

35. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any alleged harassment on the basis of Plaintiff's

protected characteristic.

36. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities provided by Defendants or otherwise failed to avoid harm.

37. Plaintiff's claims are barred, in whole or in part, by all applicable statutes of limitations and repose, estoppel, laches, waiver, unclean hands, or other equitable defenses.

38. Plaintiff cannot recover actual or punitive damages under multiple or different theories and causes of action for the same or similar acts. Plaintiff is entitled to only one remedy for her claims, if at all (which is denied), and cannot seek double recovery.

39. Plaintiff cannot recover punitive damages because, in connection with Plaintiff's employment, Defendants made all decisions and took all actions in good faith, and because any alleged discrimination, harassment, or retaliation would be contrary to Defendants' good-faith efforts to comply with applicable state and federal laws prohibiting such conduct. At all relevant times, Defendants maintained and enforced policies prohibiting discrimination, harassment, and unlawful retaliation in the workplace and undertook good-faith efforts to comply with applicable law, including through employee training and investigation of complaints.

40. Plaintiff is not entitled to recover punitive damages because she cannot establish that Defendants made any decisions or took any actions with actual malice or reckless indifference to Plaintiff's rights under the applicable laws.

41. Plaintiff is not entitled to recover liquidated damages under the FMLA because, at all relevant times, Defendants acted in good faith and had reasonable grounds for believing that their actions complied with the FMLA.

42. Plaintiff's damages, if any, are limited by all applicable statutory damages caps and

limitations provided by law, including the applicable limitations under Title VII, the ADA, and the FMLA. Plaintiff is not entitled to recover emotional distress or punitive damages under the FMLA.

43. Plaintiff's damages, if any, should be reduced, in whole or in part, to the extent she failed to take reasonable measures to mitigate any such damages.

44. To the extent Plaintiff has received any income from other employment or any other sources, such monies must be offset against any damages allegedly due to Plaintiff, the existence of which are denied. Defendants further assert that any damages or other monetary relief awarded to Plaintiff should be reduced or offset, to the extent permitted by applicable law, by any wage or other payments made to Plaintiff during periods in which she was not entitled to receive such payments, including any overpayments made during Plaintiff's leaves of absence that have not yet been repaid.

45. Plaintiff's claims for damages are barred, in whole or in part, to the extent such damages are speculative, conjectural, uncertain, or otherwise unsupported by competent evidence.

46. Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff cannot establish that any alleged injuries or damages were proximately caused by any unlawful act or omission attributable to Defendants, rather than the conduct of third parties or other independent causes.

47. Plaintiff's claims for declaratory, injunctive, or other equitable relief are barred, in whole or in part, to the extent Plaintiff cannot establish a present entitlement to such relief, including standing, an actual and ongoing controversy, irreparable injury, or any other prerequisites for the relief sought under applicable law.

Defendants reserve the right to add any and all additional defenses as they become known

through discovery or investigation.

## PRAYER

Defendants respectfully pray that Plaintiff's Complaint be dismissed and denied, that Plaintiff take nothing by her suit, and that Defendants recover their costs of court and reasonable attorneys' fees and all other relief to which they may be justly entitled.

Dated: October 30, 2026

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Lauren A. West*

**Lauren A. West**
State Bar No. 24070831
Lauren.west@morganlewis.com
**Ayah Housini**
State Bar No. 24137330
Ayah.housini@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201
(214) 466-4000 – Telephone
(214) 466-4001– Facsimile

ATTORNEYS FOR DEFENDANTS,
AMAZON DEVELOPMENT CENTER U.S. INC. &
AMAZON.COM SERVICES LLC

**CERTIFICATE OF SERVICE**

I certify that on October 30, 2026, I served the foregoing on counsel of record via the CM/ECF system, which sends notification of said filing as follows:

Madison Rose Lucey
PRO SE PLAINTIFF
244 Sunrise Drive
Milford, PA 18337
Telephone: (570) 832-3998
E-Mail: MadisonChaitLucey@proton.me

*/s/ Lauren A. West*
Lauren A. West