IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MADISON ROSE LUCEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-2884-S-BN |
| | § | |
| AMAZON.COM, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Madison Rose Lucey explains at the outset of her *pro se* complaint alleging violations of federal antidiscrimination laws that she "brings this action arising principally from her Amazon software-engineering employment." Dkt. No. 3.

The presiding United States district judge referred Lucey's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

With her complaint, Lucey filed, under Federal Rule of Civil Procedure 65, a Motion for Preliminary Injunction, Expedited Hearing, and Alternative Interim Equitable Relief [Dkt. Nos. 6-8] (the "PI Motion").

And the Court denied the PI Motion on September 30, 2026. *See Lucey v. Amazon.com, Inc.*, No. 3:26-cv-2884-S-BN, 2026 WL 2969723 (N.D. Tex. Aug. 31, 2026), *rec. accepted*, 2026 WL 2969717 (N.D. Tex. Sept. 30, 2026) ("*Lucey I*").

On October 29, 2026, Lucey moved for reconsideration. *See* Dkt. Nos. 29-31.

"The denial of a preliminary injunction is an interlocutory order, and a motion

to reconsider such an order is governed by Federal Rule of Civil Procedure 54(b)." *Nerium Skincare, Inc. v. Nerium Int'l, LLC*, No. 3:16-CV-1217-B, 2017 WL 7052281, at *1 (N.D. Tex. May 12, 2017) (citations omitted).

"Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (in turn citing FED. R. CIV. P. 54(b)), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1995) (en banc)).

But Lucey provides no reason that is sufficient to require reconsideration or reversal of the prior order, which was in part based on a finding that "the PI Motion is a 'motion to win'" because Lucey seeks not "to preserve the status quo" but to pursue an advance on the ultimate outcome that she envisions. *Lucey I*, 2026 WL 2969723, at *1 (further finding that Lucey does not "demonstrate[] an irreparable injury, where it's well established that, '[i]n general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages'" (quoting *SO Apartments, L.L.C. v. City of San Antonio, Tex.*, 109 F.4th 343, 353 (5th Cir. 2024))).

The motion for reconsideration continues in this vein by concluding that Rule 65 requires that the Court, in part, "[d]irect [Amazon] to pay $250,000 gross now as partial interim back pay or economic reinstatement, subject to required withholding and later accounting." Dkt. No. 29 at 2 ("This payment is a beginning, not a

settlement, accord and satisfaction, release, or waiver.”).

**Recommendation**

The Court should deny Plaintiff Madison Rose Lucey’s motion to reconsider the denial of the motion for preliminary injunction [Dkt. No. 29].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge’s findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass’n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 30, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE